*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0441P (6th Cir.)
File Name: 03a0441p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-6048

CHRISTOPHER NATION,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 01-00182—R. Allan Edgar, Chief District Judge.

Submitted: October 23, 2003

Decided and Filed: December 12, 2003

Before: KEITH, MARTIN, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Jerry H. Summers, SUMMERS & WYATT, Chattanooga, Tennessee, for Appellant. Hugh B. Ward, Jr., ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. This appeal concerns a due process challenge to 18 U.S.C. § 3742, a provision of the Sentencing Reform Act governing appellate review of otherwise final sentences. Christopher Nation requests that we review the district court's denial of his downward departure motion. Nation concedes that this case satisfies none of the requirements for appellate review that are set forth in section 3742(a) and, therefore, that we lack jurisdiction to review his sentence. He argues, however, that his inability to appeal constitutes a violation of his Fifth Amendment due process rights. For the reasons that follow, we hold that no due process violation has occurred and that we lack jurisdiction to review Nation's sentence.

I.

Christopher Nation was indicted for manufacturing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and for possessing materials used in the manufacture of methamphetamine in violation of 21 U.S.C. § 843 (a)(6). He pleaded guilty to the latter charge and the parties subsequently filed various motions with respect to sentencing. The district court denied the government's motion for a two-level enhancement for possession of a dangerous weapon and granted Nation's motion for a two-level reduction pursuant to the "safety valve" provisions embodied in 18 U.S.C. § 3553(f) and section 5C1.2 of the United States Sentencing Guidelines.

Nation also filed a motion for a downward departure on two other grounds. First, Nation argued that he was entitled to a downward departure pursuant to sections 5H1.2, 5H1.6 and 5H1.10 of the Sentencing Guidelines because his incarceration created an adverse collateral employment

consequence affecting his father's business, Nation's Glass, Inc.  Second, Nation argued that he was entitled to a downward departure under section 5K2.0 for a "combination of factors," including his assistance to the government.[1]  The district court held a hearing on the motion, at which Nation's father testified on Nation's behalf.  Following the hearing, the district court denied the motion, holding that Nation was not entitled to a collateral employment consequence departure because he was not indispensable to his father's business, and that while a combination of factors could generally justify a downward departure, there were no factors justifying such a departure in this case.  Ultimately, the district court sentenced Nation to six years and six months of imprisonment, as well as three years of supervised release.

## II.

The sole issue in this appeal concerns the district court's denial of Nation's motion for a downward departure pursuant to sections 5H1.2, 5H1.6, 5H1.10 and 5K2.0 of the Sentencing Guidelines.  Nation recognizes that 18 U.S.C. § 3742(a) permits a criminal defendant to appeal an otherwise final sentence only if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; []

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the

[1]Nation concedes that his assistance to the government was insufficient to warrant a "substantial assistance" departure pursuant to section 5K1.1 of the Sentencing Guidelines.  He contends, however, that his assistance to the government, in combination with other factors, was sufficient to warrant a downward departure pursuant to section 5K2.0.

guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a); *see also United States v. Price*, 258 F.3d 539, 547-48 (6th Cir. 2001); *United States v. Organek*, 65 F.3d 60, 63 (6th Cir. 1995).  Nation concedes that his case satisfies none of these criteria and, hence, that we lack jurisdiction to review his sentence.

Nation argues, however, that his inability to appeal the district court's denial of his downward departure motion constitutes a violation of his Fifth Amendment due process rights.  In essence, Nation argues that the appellate jurisdiction conferred by section 3742 impermissibly discriminates between appeals by a defendant and appeals by the government by making it more difficult for the defendant to appeal a denial of a downward departure than for the government to appeal a grant of a downward departure.  Nation suggests that in the event that we agree that such a violation has occurred, we should assume jurisdiction over his appeal and review the district court's denial of his downward departure motion for abuse of discretion.

Contrary to Nation's assertion, we find no due process violation.  Nation has no constitutional right to appeal his sentence.  It is beyond peradventure that appellate jurisdiction is conferred solely by statute.  *See Abney v. United States*, 431 U.S. 651, 656 (1977); *United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002).  By enacting section 3742, Congress has conferred appellate jurisdiction – albeit *limited* appellate jurisdiction – with respect to district courts' sentencing decisions.

Under section 3742, a defendant's right to appeal a sentence is essentially the mirror image of the government's right to appeal a sentence. Just as section 3742(a) provides only limited circumstances in which a defendant may appeal, section 3742(b) provides that the government may appeal an otherwise final sentence only if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(b). The only distinction that section 3742 draws between a defendant's right to appeal and the government's right to appeal is that a defendant may appeal a sentence only when it is "greater than" the guideline range (or includes a "more limiting" condition of probation or supervised release), while the government may appeal a sentence only when it is "less than" the guideline range (or includes a "less limiting" condition of probation or supervised release). *Compare* 18 U.S.C. § 3742(a)(3), *with id.* at § 3742(b)(3). That is a distinction without a difference, however, and does not demonstrate any impermissible discrimination between appeals by a defendant and appeals by the government.

Because section 3742 does not violate due process – and because, as Nation concedes, this case satisfies none of the requirements for appellate review as set forth in section 3742(a) – we lack jurisdiction to review the district court's denial of Nation's downward departure motion. This holding is compelled by our recognition of Congress's unique authority to confer appellate jurisdiction, and in no way discourages criminal defendants who desire appellate review of their sentences from seeking such review in circumstances authorized by Congress.

AFFIRMED.