NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0374n.06

No.  12-5770

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Apr 15, 2013
DEBORAH S. HUNT, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| MARIO COLLINS, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GIBBONS and WHITE, Circuit Judges; COHN, District Judge.[1]

PER CURIAM.  Mario Collins appeals the district court's order denying him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  As set forth below, we affirm.

In 2007, Collins pleaded guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  In the plea agreement entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that "a sentence of 120 months or 10 years, which is the mandatory minimum term of imprisonment required by law, is the appropriate disposition of this case."  Collins's presentence report calculated an advisory guidelines range of 262 to 327 months of imprisonment based on his status as a career offender under USSG § 4B1.1.  At sentencing, the district court accepted the parties' plea agreement and imposed the agreed-upon sentence of 120 months of imprisonment.

_____

[2]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

In 2007, the U.S. Sentencing Commission amended the Guidelines, reducing by two levels the base offense levels for most crack cocaine offenses. In 2008, it made the amendment retroactive. Following the amendments, the district court considered, pursuant to § 3582(c)(2), whether Collins was eligible for a sentence reduction. The district court denied a sentence reduction because: (1) the amendments did not lower Collins's guidelines range due to his status as a career offender; (2) it was bound by the parties' agreed-upon sentence; and (3) the 120-month sentence was reasonable and sufficient to satisfy the sentencing purposes set forth in 18 U.S.C. § 3553(a). This court affirmed the district court's order. *United States v. Collins*, No. 09-5359 (6th Cir. July 14, 2010).

In 2010, Congress passed the Fair Sentencing Act ("FSA"), which increased the amount of crack cocaine necessary to trigger mandatory minimum sentences under § 841(b) and instructed the Commission to amend the Guidelines accordingly. After the additional amendments, the district court again considered Collins's eligibility for a sentence reduction. Denying a sentence reduction under § 3582(c)(2), the district court concluded that: (1) the amendments did not lower Collins's guidelines range because of his status as a career offender; (2) it was bound by this court's precedent holding that the FSA's lower mandatory minimums do not apply retroactively, *see United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); and (3) his below-guidelines sentence remained sufficient but not greater than necessary.

This appeal followed. Collins contends that the Supreme Court's rationale underlying *Dorsey v. United States*, 132 S. Ct. 2321 (2012), supports the retroactive application of the FSA's requirements regarding the drug quantity triggering mandatory minimum sentences in sentence

reduction proceedings under § 3582(c)(2) and that holding otherwise would produce sentences more disproportionate than if Congress had not enacted the FSA.

We ordinarily review the district court's denial of a sentence reduction under § 3582(c)(2) for abuse of discretion. *United States v. McClain*, 691 F.3d 774, 776 (6th Cir. 2012). "Where, as here, the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo." *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Pursuant to § 3582(c)(2), the district court may reduce a defendant's sentence if: (1) the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see McClain*, 691 F.3d at 777.

Collins's sentence was not based on a guidelines range but on the parties' Rule 11(c)(1)(C) plea agreement. In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court addressed whether a defendant who enters into a Rule 11(c)(1)(C) plea agreement for a particular sentence is eligible for relief under § 3582(c)(2). According to Justice Sotomayor's narrower and therefore controlling opinion, "when a (C) agreement *expressly* uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J.,

concurring in the judgment) (emphasis added). Collins's Rule 11(c)(1)(C) plea agreement did not use a guidelines range to establish the term of imprisonment; instead, the plea agreement expressly used the statutory mandatory minimum. Therefore, Collins is ineligible for sentence reduction. *See United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that defendant was ineligible for a sentence reduction because his sentence was based on a statutory mandatory minimum, not a Guidelines range).

Relying on *Dorsey*, Collins asserts that the drug quantities triggering the FSA's statutory penalties should apply retroactively in § 3582(c)(2) proceedings.[2] But § 3582(c)(2), by its own terms, applies only to guidelines amendments and not to statutory penalty changes. The *Dorsey* decision said nothing about the FSA's effect on § 3582(c)(2) proceedings, holding that the FSA applies to offenders sentenced after its effective date. 132 S. Ct. at 2335. In reaching that holding, the Supreme Court recognized that application of the FSA to offenders sentenced after August 3, 2010, would "create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences . . . ." *Id*. The Supreme Court explained: "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id*. Contrary to Collins's argument, it does not follow from *Dorsey* that the FSA applies retroactively to § 3582(c)(2) proceedings. Rather, the *Dorsey* decision leads to the conclusion that offenders sentenced before the FSA's enactment do not benefit from the FSA's lower mandatory minimums—in § 3582(c)(2)

---

[2]The 22 grams of crack cocaine in Collins's case would not have triggered a mandatory minimum under the amended law.

proceedings or otherwise. *See United States v. Hammond*, ___ F.3d ___, No. 12-5522, 2013 WL 1363908 at *2 (6th Cir. Apr. 5, 2013) (holding that a defendant who was sentenced prior to the effective date of the FSA was ineligible for a sentence reduction pursuant to § 3582(c)(2)).

For the foregoing reasons, we affirm the district court's order denying a sentence reduction.