RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellant,*

     *v.*

JOE EDWARD WEBB,

        *Defendant-Appellee.*

Nos. 13-5697/5700

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 3:09-cr-00044-1; 3:10-cr-00015-1—Aleta Arthur Trauger, District Judge.

Argued: January 22, 2014

Decided and Filed: July 28, 2014

Before: CLAY and DONALD, Circuit Judges; MAYS, District Judge.[*]

─────────────

**COUNSEL**

**ARGUED:** Harold B. McDonough, Jr., UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellant. Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellee. **ON BRIEF:** Harold B. McDonough, Jr., UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellant. Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellee.

     CLAY, J., delivered the opinion of the court, in which MAYS, D.J., joined. DONALD, J. (pp. 13–16), delivered a separate dissenting opinion.

───────────

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

_____

**OPINION**

_____

CLAY, Circuit Judge.  Defendant Joe Edward Webb pleaded guilty to drug offenses in two different cases.  Based on his status as a career offender and a belief that the career offender guideline range was excessive and improper in this case, the district court sentenced Defendant to the pre-Fair Sentencing Act ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372 (2010), crack cocaine mandatory minimum sentence of 240 months imprisonment.  Defendant later filed a motion under 18 U.S.C. § 3582(c)(2) for retroactive application of the new Sentencing Guidelines in effect after passage of the FSA.  The district court found that Defendant was entitled to seek a reduction of his sentence and subsequently resentenced Defendant to 188 months for each count in the first case and for the second case.  The government now appeals the district court's resentencing, claiming that the district court lacked the authority to reduce Defendant's sentence pursuant to § 3582(c)(2).

For the reasons that follow, we **REVERSE** the district court's order and **REMAND** with instructions to reinstate the initial sentence.

**I.**

**BACKGROUND**

**A.     Charges and Plea Agreement**

Defendant was charged in two different cases for various drug-related offenses. On February 25, 2009, Defendant was charged in the first case with seventeen counts, including charges of conspiracy to distribute and possess with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base and conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, both in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as additional counts related to cocaine possession and distribution.  On January 14, 2010, Defendant was charged in a second case with attempt to possess and distribute 500 grams or more of

cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The government filed an information for both cases, recommending an enhancement for a prior drug conviction.  The following day, Defendant entered guilty pleas in the first case for the first two counts charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and conspiracy to distribute and possess with intent to distribute cocaine and in the second case for attempt to possess with intent to distribute 500 grams or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Defendant acknowledged in his plea agreement that he would face a mandatory minimum sentence of twenty years as to the first count and a minimum of ten years under the information in the second case.  At the time, Defendant agreed to provide substantial assistance to the government, and the government agreed to file a motion for downward departure in the event that Defendant fulfilled his promise to cooperate.  *See* U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e).

**B.     Initial Sentencing Hearing**

The sentencing hearing, which was originally scheduled for April 12, 2010, was continued a number of times until January 3, 2011.  Before the hearing actually occurred, Congress passed the FSA, which raised the amount of cocaine required for triggering the mandatory minimum sentence for crack cocaine offenses from 5 grams to 28 grams and from 50 grams to 280 grams.  Pub. L. No. 111–220, 124 Stat. 2372.  Additionally, Congress directed the Sentencing Commission to lower the accompanying offense levels for quantities of cocaine base.

In preparation for the sentencing hearing, the government filed a notice on December 28, 2010, explaining that Defendant had violated the plea agreement by failing to provide substantial assistance as originally promised.  Therefore, in this notice, the government indicated that it would not file a motion for a downward departure due to Defendant's failure to comply with the terms of the guilty plea.

The probation office prepared a final presentence report ("PSR"), which considered the lowered offense level under the FSA.  The PSR determined that the total offense level was 36, the criminal history level was IV, and the resulting sentencing range was 188 to 235 months.  However, based on Defendant's two previous criminal convictions for robbery and sale of a

controlled substance, the probation office stated in the final PSR that Defendant qualified as a career offender as defined in U.S.S.G. § 4B1.1, and as a result, his offense level was 37.[1] The PSR then adjusted the level to 34 for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), (b). Ultimately, the probation office recommended a total offense level of 34 and a criminal history category of VI, yielding a sentencing range of 262 to 327 months.

During the sentencing hearing, the district court reviewed the PSR and found that the guideline range was, in fact, 262 to 327 months, stating as follows:

> I am going to accept the Pre-sentence Report as my findings of fact on all issues and on the application of the Guidelines.
>
> Mr. Webb qualifies under the Advisory Guideline system as a Career Offender, therefore his Offense Level is a 34.
>
> His Criminal History Category is VI.
>
> The resulting Guideline Range is 262 to 327 months.

(R. 87, 1/3/2011 Partial Tr. of Sentencing Hr'g, at 259–60.)[2] Shortly thereafter, the district court again stated that "[t]he Guideline range here . . . is 262 to 327 months." (*Id*. at 261.) However, the district court also found that the career offender guideline range was excessive and stated the following:

> But given Mr. Webb's relatively young age, the fact that one of the offenses that made him a Career Offender was committed when he was 14, and that he was at the Taft facility, apparently until he was 18 -- so he was off on a bad path before then. And then I am sure did nothing but learn more ways to commit crimes during the four years that he was incarcerated as a teenager, an impressionable teenager. I feel that the minimum-mandatory of 20 years is plenty of time. I see really no difference in the effect upon Mr. Webb or on reflecting the seriousness of the offense or promoting respect for the law or being a just punishment or protecting the public from further crimes by giving him a sentence of 240 months as opposed to a sentence [of] 280 months. What difference does it make? Twenty years is a long time, and I feel the minimum-mandatory twenty years

---

[1]The first of these qualifying offenses occurred when Defendant was fourteen years old and he took part in a robbery that resulted in serious injuries to a store clerk who was hit over the head with an iron bar or pipe. Defendant was tried as an adult for that offense and was sentenced to four years in the Taft Youth Development Center. The second offense was a felony conviction for the sale of less than half of a gram of cocaine. Defendant did not serve prison time for that conviction.

[2]Citations to the record are accompanied by reference to Page ID numbers.

concurrent on these offenses is sufficient to meet all of the purposes of sentencing.  So that is my sentence.

(*Id*. at 263–64.)  As a result, the district court varied the sentence downward to the pre-FSA mandatory minimum for a crack cocaine offense—from a range of 262 to 327 months to 240 months.[3]  The district court issued its judgment on January 6, 2011.

## C.    Resentencing

On July 19, 2012, Defendant filed a *pro se* motion pursuant to § 3582(c)(2) to obtain retroactive application of the new Sentencing Guidelines for crack cocaine offenses.  The probation office prepared a supplement to the PSR, and the district court directed the government to file a response to the supplement.  The government filed responses in opposition to the motion, and the district court appointed a federal public defender to represent Defendant in the matter.  Through counsel, Defendant filed supplemental motions for relief under § 3582(c)(2), and the government once again filed its responses.

The district court found that Defendant was entitled to seek a reduction on Count One of the first case because the court did not base Defendant's sentence on the career offender guidelines.  The court stated as follows:

> As the sentencing hearing transcript makes clear, this court rejected the Career Offender guideline range of 262 to 327 months and, instead, sentenced the defendant to the statutory minimum mandatory term for the crack cocaine charge of 240 months. . . . [T]hat minimum mandatory has been reduced by the Fair Sentencing Act to 120 months from 240 months. . . . [A]bsent the Career Offender enhancements, it is clear that the sentencing range would be lower.

(R. 92, Mem. and Order, at 356–57 (internal citation omitted).)  However, at that time, the court found that Defendant was *not* eligible for a sentence reduction for the second count in the first case or for the second case because those charges did not involve crack cocaine and instead concerned powder cocaine, sentences to which the FSA did not apply.[4]  In a separate order, the district court requested that the probation office recalculate the offense level under the FSA.  The

---

[3]Although the sentencing hearing occurred after the FSA was enacted on August 3, 2010, the district court applied the pre-FSA mandatory minimum sentence.

[4]Contradicting this original order, the district court later reduced Defendant's sentences on all three counts.

probation office's supplemental PSR accounted for the FSA's new mandatory minimum sentence for the crack cocaine offense, which was reduced from twenty years to ten years.

At the resentencing hearing held on April 11, 2013, the district court resentenced Defendant for both counts in the first case and for the second case. The district court discussed the rationale for resentencing:

> [A]lthough . . . I asked the probation office to do the calculations for me without the career offender enhancement, the range with the career enhancement is the proper place to start because Mr. Webb does qualify as a career offender, and so the starting point is an offense level of 34 and a criminal history category of VI, which leaves us with the same range we had at the first sentencing, which is 262 to 327 months. In that sentencing, for all the factors I elucidated, and I'll go over some of them now, I found that for this particular defendant, the career offender guideline -- first of all, career offender applying for these two offenses that pushed him into that category, there were mitigating circumstances, and since that time we have had this Sentencing Commission report come out criticizing the career offender guideline, and I decided to sentence the defendant to the minimum mandatory, ignoring the career offender enhancement to his guideline range for a lot of different reasons.

(R. 106, 4/11/2013 Tr. of Resentencing Hr'g, at 459.) Therefore, the district court based resentencing on the FSA and the Sentencing Commission's amendments to the crack cocaine guidelines. The district court replaced the previous sentences with a 188-month prison term for each count in the first case and for the second case. Each of the sentences would run concurrently and would be followed by a period of supervised release.

The government objected to the reduced sentences as procedurally and substantively unreasonable and filed a timely notice of appeal in each of the cases.

## II.

### DISCUSSION

#### A.     Standard of Review

Generally, "[a] motion for modification made under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the

law improperly, or uses an erroneous legal standard." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010). When applying an abuse of discretion standard, "[t]his Court should reverse the district court's decision only if it is 'firmly convinced that a mistake has been made.'" *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005)).

However, "[w]e review the district court's determination of the defendant's eligibility for a sentence reduction *de novo*." *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011). *See also United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009) ("Where . . . the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's conclusion . . . is reviewed de novo."). In that situation, "[t]he question becomes whether the district court lacked authority to modify the defendant's sentence," which is a question of law. *United States v. Payton*, 617 F.3d 911, 913 (6th Cir. 2010). *See also United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009) ("Whether the district court properly determined it had the authority to modify a sentence under 18 U.S.C. § 3582(c)(2) is a legal question reviewed de novo"); *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008) ("The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo"); *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) ("[T]his case requires us to determine . . . whether the district court had authority to act under section 3582(c)(2). That is purely a question of statutory interpretation . . . [which] engenders de novo review."). Therefore, this Court applies *de novo* review to determine whether the district court had authority under § 3582(c)(2) to reduce Defendant's sentence.

**B.      Sentence Reductions Under 18 U.S.C. § 3582(c)(2)**

As this Court has repeatedly acknowledged, "[g]enerally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010); *see also United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Section 3582(c)(2) provides such a statutory exception. Under § 3582(c)(2), a court may reduce a defendant's prison sentence if the defendant

has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Therefore, the statute "does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Instead, the statute grants district courts the authority to reduce "an otherwise final sentence in circumstances specified by the Commission." *Id*.

A district court follows two steps when determining whether a sentence reduction is appropriate. First, the district court determines the defendant's eligibility for a sentence reduction. *Thompson*, 714 F.3d at 948. A defendant must meet two conditions to be eligible for resentencing: "(1) the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks omitted). Next, if the court determines that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *Thompson*, 714 F.3d at 949 (quoting *Dillon*, 560 U.S. at 826).

**C.     Defendant's Sentence was Not "Based On" a Sentencing Range Subsequently Lowered by the Sentencing Commission**

To qualify for a sentence reduction under § 3582(c)(2), Defendant must have been sentenced under a sentencing range that was subsequently lowered by the Sentencing Commission. "In determining whether a sentence was based on a subsequently lowered guideline range in a plain-meaning sense of the words, we must consider whether the original sentence was, *in fact*, based on such a range . . . ." *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (internal quotation marks omitted). "To ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring); *see also Thompson*, 714 F.3d at 949 (recognizing

that Justice Sotomayor's concurrence is the narrowest, and therefore controlling, opinion in *Freeman*).  To make this determination, this Court "look[s] to 'what the district court actually said and did at the original sentencing.'"  *Hameed*, 614 F.3d at 264 (quoting *United States v. Hargrove*, 628 F. Supp. 2d 241, 244 (D. Mass. 2009)).

Although the parties disagree as to the applicability of *Freeman* and the appropriate approach to "based on," it is irrelevant in this case.  Regardless of which standard applies, the district court did not refer to the crack cocaine guidelines during the sentencing hearing and therefore did not base the sentence on the crack cocaine sentencing guidelines.  The district court explained in its Memorandum and Order dated February 14, 2013, that "[a]s the sentencing hearing transcript makes clear, this court rejected the Career Offender guideline range of 262 to 327 months and, instead, sentenced the defendant to the statutory minimum mandatory term for the crack cocaine charge of 240 months." (R. 92, Mem. and Order, at 356–57.)  What the district court appears to have done at the sentencing hearing was find that the career offender guidelines were applicable, disagreed with their application to this defendant, and varied downward to the pre-FSA crack cocaine mandatory minimum, without making reference to the crack cocaine guidelines or the disparity between crack and powder cocaine sentencing.

The career offender guidelines were not subsequently lowered, and therefore, § 3582(c)(2) cannot apply to provide a sentence reduction for Defendant.  *See Thompson*, 714 F.3d at 949–50 (holding that where the district court varied downward from the career offender guidelines without making reference to the crack/powder disparity or the crack cocaine sentencing guidelines, the sentence was still "based on" the career offender guidelines, not some other guidelines that were subsequently reduced by the Sentencing Commission); *United States v. Scott*, 523 F. App'x 370, 371 (6th Cir. 2013).

Even if Defendant's sentence was improperly "based on" the pre-FSA mandatory minimum for crack cocaine, this is still insufficient to give the district court authority to grant the resentencing motion under § 3582(c)(2).  Although Defendant was sentenced after the FSA's enactment and therefore the new mandatory minimums were already in effect, "the Sixth Circuit has held that a defendant who is sentenced by reference to a statutory minimum, rather than the Sentencing Guidelines governing crack cocaine offenses, cannot appeal to the retroactive

amendments to the crack cocaine guidelines as a basis for relief under § 3582(c)(2)." *United States v. Redding*, No. 04–80057, 2013 WL 3745890, at *1 (E.D. Mich. July 16, 2013) (citing *United States v. McPherson*, 629 F.3d 609, 611–12 (6th Cir. 2011)). As the *en banc* Court explained in *United States v. Blewett*, § 3582(c)(2) "applies only to sentencing ranges decreased by the Sentencing Commission in accordance with § 994(o). In the Fair Sentencing Act, Congress, not the Sentencing Commission, lowered these mandatory minimum criminal penalties." 746 F.3d 647, 656 (6th Cir. 2013) (internal quotation marks omitted).[5] Therefore, even if Defendant's sentence was based on the pre-FSA crack cocaine mandatory minimums, Defendant is ineligible for a sentence reduction under § 3582(c)(2) because his sentence was not "based on" a sentencing range that was subsequently lowered.

**D.      No Amendment to the Guidelines had the Effect of Lowering the "Applicable Guideline Range"**

During the resentencing hearing and in its Memorandum and Order, the district court stated that it based Defendant's sentence on the crack cocaine guideline range, despite never making such a statement during the initial sentencing hearing. This Court does not generally consider a district court's post-sentencing clarification of a defendant's sentence when making the "based on" determination. Instead, this Court considers "what the district court actually said and did at the original sentencing." *Hameed*, 614 F.3d at 264 (internal quotation marks omitted). However, even assuming that Defendant's ultimate sentence was "based on" the crack cocaine guideline range in § 2D1.1, the sentence must also be consistent with applicable policy statements issued by the Sentencing Commission. *See Dillon*, 560 U.S. at 819. The policy statement contained in § 1B1.10(a)(2) states as follows:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

---

[5]*See also United States v. Collins*, 520 F. App'x 434, 436 (6th Cir. 2013) ("[Section] 3582(c)(2), by its own terms, applies only to guidelines amendments and not to statutory penalty changes"); *United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) (internal quotation marks omitted) ("Because the Sentencing Commission's amendments to the crack cocaine guidelines have no effect on statutory minimum sentences mandated by Congress, Coats's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission.").

> (B) an amendment listed in subsection (c) does not have
> the effect of lowering the defendant's applicable
> guideline range.

U.S.S.G. § 1B1.10(a)(2). A defendant's "applicable guideline range" is not necessarily the sentencing range upon which his sentence was "based" under the first prong of the § 3582(c)(2) analysis. Rather, the Guidelines commentary defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A); *see also United States v. Pembrook,* 609 F.3d at 384 (finding that "applicable guideline range" means a "defendant's pre-departure guideline range").[6] Therefore, if a district court varies downward from the initially calculated sentencing range to some other range, the ultimate sentence may be "based on" the latter range, but the "applicable guideline range" remains the original pre-departure range.

In this case, Defendant's "applicable guideline range" was and is the guideline range pursuant to § 1B1.10(a), "which is determined before consideration of any departure . . . or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Before the district court varied downward, Defendant's applicable guideline range was his career offender range of 262 to 327 months. The district court acknowledged during the resentencing hearing that "the range with the career enhancement is the proper place to start because [Defendant] *does* qualify as a career offender." (R. 106, 4/11/2013 Tr. of Resentencing Hr'g, at 459 (emphasis added).) Even assuming that Defendant's ultimate sentence was "based on" the crack cocaine guideline in § 2D1.1, he qualified as a career offender and his "applicable guideline range" has not changed. The retroactive amendments to the Sentencing Guidelines changed the drug quantity tables in § 2D1.1, but they made no changes to the career offender provision in § 4B1.1. *See United States v. Tillman,* 511 F. App'x 519, 521 (6th Cir. 2013) (explaining that "[a] defendant whose

---

[6]Defendant asserts that Application Note 1(A) is invalid because it was not enacted pursuant to proper procedure and notice under the Administrative Procedure Act ("APA"). Defendant is unable to cite any authority adopting this position, and every circuit to consider the APA argument has upheld the Note's validity. *See, e.g., United States v. Johnson,* 703 F.3d 464, 467–69 (8th Cir. 2013); *United States v. Berberena,* 694 F.3d 514, 526–27 (3d Cir. 2012); *United States v. Horn,* 679 F.3d 397, 406–07 (6th Cir. 2012); *United States v. Fox,* 631 F.3d 1128, 1132 (9th Cir. 2011). Additionally, this Court rejects Defendant's argument that the Application Note is inconsistent with § 3582(c)(2). Rather than conflicting with the statutory language, the Note explains the meaning of the statute's terms.

sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range"); *United States v. Reeves*, 717 F.3d 647, 650 (8th Cir. 2013) ("Because Reeves was sentenced under the career offender provision, Amendments 750 and 759, which modified the drug quantity provision, are irrelevant.").

Defendant's applicable guideline range is the career offender range of 262 to 327 months. Because that range has not been lowered by any amendments to the Guidelines, a reduction in Defendant's sentence fails to meet the second prong of the eligibility determination under § 3582(c)(2).

## III.

## CONCLUSION

The district court erred by finding it had the authority under § 3582(c)(2) to reduce Defendant's sentence. The original sentence was not based on a sentencing range that was subsequently reduced and no amendment to the Guidelines had the effect of lowering Defendant's "applicable guideline range." Therefore, because the district court lacked authority to grant Defendant's motion for resentencing, we **REVERSE** the district court's order and **REMAND** with instructions to reinstate the initial sentence.

———————————

# DISSENT

———————————

BERNICE B. DONALD, Circuit Judge, dissenting.  In January 2010, Joe Edward Webb pleaded guilty to one count of attempted possession with intent to distribute and two counts of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846.  In his plea agreement, Webb acknowledged that his entry of a guilty plea on the count charging him with conspiracy to distribute fifty grams of cocaine base ("crack-cocaine") would subject him to a mandatory-minimum sentence of twenty years' imprisonment.  (R. 51, Pg ID # 83-84).  The plea agreement also indicated, however, that Webb had entered into a cooperation agreement whereby the Government would file a motion for a below-minimum sentence of 180 months under 18 U.S.C. § 3553(e) in exchange for Webb's substantial assistance.  (R. 20, Pg ID # 95-96).

In the months that followed, the Government sought several continuances to delay Webb's sentencing hearing (R. 52-67).  After having delayed Webb's sentencing hearing for almost a year, the Government ultimately notified the district court, in December 2010, that it would not file a motion for a downward departure in Webb's case after all, as he had failed to provide substantial assistance.  (R. 68).

Meanwhile, in the period between Webb's entry of the guilty plea and his sentencing hearing, Congress passed the Fair Sentencing Act ("FSA"), which amended the framework for mandatory-minimum sentences in crack-cocaine cases.  Pub. L. No. 111-220, 124 Stat. 2372.[1]  Under the new statutory framework promulgated by the FSA, Webb's conviction yielded a lesser mandatory-minimum sentence of ten years' imprisonment, rather than the twenty-year minimum referenced in the plea agreement. (R. 92, Pg ID # 356-57).

———————————

[1]Webb entered his guilty plea on January 15, 2010, and was scheduled to be sentenced on April 12, 2010.  Due to several continuances, however, Webb's sentencing hearing did not take place until nearly a year after the entry of his guilty plea, on January 3, 2011.  In the interim, Congress passed the FSA, which was signed into law on August 3, 2010.

After the passage of the FSA, a circuit split emerged as to whether defendants like Webb—whose convictions stemmed from conduct prior to its passage but who were sentenced after the FSA's enactment—should benefit from its more lenient mandatory minimums.  At the time of Webb's sentencing hearing, in January 2011, the prevailing case law in this Circuit, established by *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), held that defendants like Webb should be sentenced in accordance with the mandatory minimums in effect at the time of the offense, irrespective of the FSA's enactment.

The Supreme Court eventually resolved the post-FSA circuit split and abrogated *Carradine* in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), by holding that the more lenient penalties in the FSA applied to all defendants sentenced after its effective date. *Id.* at 2326; *see also United States v. Hogg*, 723 F.3d 730, 732 (6th Cir. 2013) (explaining that *Dorsey* abrogated *Carradine* by holding that all defendants sentenced after the FSA's passage were entitled to "the 'new, more lenient' statutory penalties . . . for crack cocaine offenses [even if the relevant offense conduct predated its enactment]."). Because the Supreme Court had yet to decide *Dorsey* when Webb was sentenced, however, the district court was bound by *Carradine*, which required it to apply the pre-FSA minimum in his case.  When the district court declined to apply the career-offender guidelines recommended in Webb's PSR, it therefore reverted to the pre-FSA mandatory-minimum penalty of twenty years' imprisonment, rather than applying the post-FSA minimum of ten years, as *Dorsey* would later require.

Based on the foregoing, Webb filed a motion for a sentence reduction under 18 U.S.C § 3582, arguing that he was entitled to a lower sentence in light of *Dorsey*. (R. 85).  The district court granted the motion and resentenced Webb to 180 months.  The Government appealed the district court's order, arguing that it lacked authority to grant Webb's motion for a sentence reduction under 18 U.S.C § 3582(c)(2) because Webb's previous sentence was not based on a guidelines range that had "subsequently been lowered by the Sentencing Commission."

As the majority correctly observes, the district court's determination as to whether Webb was eligible for a sentence reduction under 18 U.S.C § 3582 is a question of law that this Court reviews de novo.  I agree with the majority's overview of the relevant inquiry in determining whether any particular defendant is entitled to resentencing under that statute and I agree with its

conclusion that Webb is not entitled to relief thereunder, because his sentence was not based on a guidelines range that has since been amended. I disagree with the majority's conclusion, however, that Webb's sentence was based on the career-offender guidelines. The district court expressly declined to adopt the PSR's recommendation that Webb be sentenced in accordance with the career-offender guidelines because Webb was only fourteen when he committed one of the offenses that triggered his career-offender status. Having rejected the PSR's recommendation under the career-offender guidelines, the district court then sentenced Webb to the pre-FSA mandatory-minimum.

Because Webb was sentenced to a pre-FSA mandatory minimum after the statute's enactment, he is clearly entitled to a sentence reduction under *Dorsey*. His motion for a sentence reduction under 18 U.S.C § 3582, however, is not the proper procedural vehicle for seeking that relief, since that statute only applies to individuals who were sentenced under the guidelines. *See United States v. Passmore*, 503 F. App'x 340, 342 (6th Cir. 2012) (explaining that 18 U.S.C § 3582 does not apply to individuals who were sentenced in accordance with statutory minimums), *cert. denied*, 133 S. Ct. 968 (2013). Where a defendant's claim of entitlement to a reduced sentence is based on a new retroactive decision of the Supreme Court, the proper procedural vehicle for seeking a sentence reduction is a motion under 28 U.S.C. § 2255. *See id.* Therefore, because Webb's eligibility for a lower sentence is based on the Supreme Court's decision in *Dorsey*, 28 U.S.C. § 2255 is the proper avenue for obtaining the relief he seeks.

In other cases where inmates have filed a motion under 18 U.S.C. § 3582 that should have been filed under 28 U.S.C. § 2255, district courts have construed such motions liberally as § 2255 motions. *See Hughlett v. United States*, No. 1:13 Civ. 204, 1:10 Cr. 84 (E.D. Tenn. Oct. 22, 2013) (denying relief pursuant to *Dorsey* under § 3582(c)(2) but granting motion under § 2255); *accord United States v. Little*, No. 10-20170 (E.D. Mich. Oct. 29, 2013); *see also United States v. Bennett*, No. 3:10 Cr. 84 (W.D.N.C. Jan. 16, 2013). Due to the potential consequences of treating any motion as a § 2255 motion (because it may foreclose the availability of relief on other issues under § 2255 in the future), the district court is in a much better position to determine whether taking a liberal view of Webb's § 3582 motion is appropriate in this case. Accordingly, I would **REMAND** to the district court so that it may

determine whether Webb's motion for a sentence reduction should be construed as a motion under § 2255.  I would further instruct the district court to permit Webb to re-file his current motion under § 2255, based on his eligibility for relief under *Dorsey*.