NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0133n.06

No. 19-5970

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Mar 06, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ANDRA BUTLER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

This is a First Step Act appeal. Defendant contends that the district court's denial of his motion for a sentence reduction under the First Step Act was procedurally unreasonable in violation of *United States v. Booker*. *See* 543 U.S. 220, 261 (2005). Because we lack jurisdiction to consider sentence-reduction appeals predicated on assertions of *Booker* reasonableness, we dismiss the appeal.

I.

Defendant Andra Butler pleaded guilty in 2010 to possessing crack cocaine with the intent to distribute and to firearms charges. The district court sentenced him to 240 months.

Following the enactment of the First Step Act in 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194, Butler moved for a sentence reduction. Although the district court found Butler eligible for relief under the Act, it exercised its discretion to not reduce his sentence. It reasoned

that despite his "attempts to better himself while in federal custody, his serious criminal history, failure to engage in legal employment, and reversion to criminal conduct" indicated that "there [was] a significant risk that, when released, he [would] re-offend in a manner dangerous to the public." That risk, the district court concluded, could "be mitigated by requiring him to complete his sentence."

Butler timely appealed.

## II.

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009) (citation omitted). 18 U.S.C. § 3582(c) permits a district court to modify a term of imprisonment under limited circumstances. In particular, § 3582(c)(1)(B) provides that a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act provides such an express authorization, permitting a district court to "impose a reduced sentence" upon a defendant's motion. § 404(b), 132 Stat. at 5222. This authorization is discretionary; the First Step Act may not "be construed to require a court to reduce any sentence." § 404(c), 132 Stat. at 5222.

But whether a district court has the authority to modify a sentence under the First Step Act is a different question than whether we have jurisdiction to consider an appeal from a district court's denial of a properly presented First Step Act motion. A criminal defendant "has no constitutional right to appeal his sentence." *United States v. Nation*, 352 F.3d 1075, 1077 (6th Cir. 2003). An appellate court's jurisdiction to adjudicate an appeal of a sentence "is conferred solely by statute." *Id.* The applicable statute for review of a district court's sentence-reduction determination is 18 U.S.C. § 3742. *See United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010). It grants us jurisdiction when a sentence "(1) was imposed in violation of law; (2) was imposed as

a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." § 3742(a). This is a narrow jurisdictional grant and "a criminal defendant may not invoke the broad grant of appellate jurisdiction found in [28 U.S.C.] § 1291 to circumvent the conditions imposed by 18 U.S.C. § 3742 for appealing sentences." *Bowers*, 615 F.3d at 719 (alterations and citation omitted).

Butler's appeal hinges upon whether the district court's denial of his motion meant that it imposed a sentence "in violation of law" under § 3742(a)(1). He claims the district court imposed a procedurally unreasonable sentence by "failing to explain why the same sentence [on] all counts was necessary."[1] *See United States v. Hammadi*, 737 F.3d 1043, 1047 (6th Cir. 2013) (observing that one of the ways *Booker* procedural unreasonableness can occur is when a district court fails to adequately explain the sentence it selected). Binding caselaw, however, prohibits our exercise of jurisdiction to consider this appeal.

We have interpreted § 3742's narrow grant of statutory appellate jurisdiction to forbid § 3742(a)(1) "violation of law" appeals of sentence-reduction denials predicated on allegations of *Booker* unreasonableness. *See Bowers*, 615 F.3d at 727–28; *United States v. Reid*, 888 F.3d 256, 258 (6th Cir. 2018). But Butler claims here that the district court's decision was procedurally unreasonable, and that is precisely the type of claim—following *Bowers*—that we cannot address as a § 3742(a)(1) "violation of law."

---

[1]To the extent Butler suggests the district court erred in not conducting a plenary resentencing after finding him eligible under the First Step Act, he has forfeited our review of this issue because he failed to include it in his "statement of the issues presented for review" as required by Federal Rule of Appellate Procedure 28(a)(5). *See United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016). In any event, we rejected this argument in a recent published case. *See United States v. Alexander*, 19-1522, slip op. at 4 (6th Cir. Mar. 4, 2020).

True, the statutory language that authorized the district court to consider sentence modification here—§ 3582(c)(1)(B)'s "to the extent otherwise expressly permitted by statute" phrase—differs from the language at issue in *Bowers* and *Reid*. Those cases both involved a sibling provision, § 3582(c)(2), that applies to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See Bowers*, 615 F.3d at 716–17; *Reid*, 888 F.3d at 257. *Bowers* also addressed another part of § 3582(c)(1)(B), which allows a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted . . . by Rule 35 of the Federal Rules of Criminal Procedure." *See* 615 F.3d at 716–17 (discussing § 3582(c)(1)(B)). But as we explained in *Bowers*, these "provisions allow the discretionary reduction (but not the augmentation) of an already imposed sentence based on the satisfaction of some condition precedent." *Id.* at 722.

Butler further resists this conclusion by pointing out that these provisions have different triggering conditions. But those differences existed in *Bowers*, where we considered whether our conclusion that § 3582(c)(2) *Booker* unreasonableness challenges were not cognizable § 3742(a)(1) "violations of law" meant that the same was true for Rule 35(b) cases. And we determined that—on this issue—what was true for § 3582(c)(2) was also true for Rule 35(b) because both provisions are of "limited scope and purpose," neither provision is "constitutionally compelled," both provisions represent "congressional act[s] of lenity," and "perhaps most importantly," both provisions "do not serve to *increase* the prescribed range of punishment." *Bowers*, 615 F.3d at 728 (citations omitted). The First Step Act shares those characteristics with § 3582(c)(2) and Rule 35(b). *See* § 404, 132 Stat. at 5222. Therefore, the triggering differences among the provisions are an unpersuasive reason for treating the First Step Act differently than

§ 3582(c)(2) and Rule 35(b) on the issue of whether *Booker* reasonableness challenges are cognizable § 3742(a)(1) "violations of law."

In sum, given his argument, and the narrow character of our appellate jurisdiction regarding denials of sentence reductions, we lack jurisdiction to entertain Butler's appeal.

III.

In the alternative, the Government argues that if we possess jurisdiction and reach the merits, we should affirm the district court's decision. We agree.

We review a district court's discretionary decision to modify a sentence for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014) (citation omitted). When we review for abuse of discretion, we should disturb the district court's decision only if we are "firmly convinced that a mistake has been made." *Id.* (citation omitted).

Butler claims that the district court "failed to address any aspect of his resentencing." The record belies this assertion, as he acknowledges; the district court considered some § 3553(a) factors and some of his post-conviction rehabilitation efforts. It also compared the guidelines as they existed at the time of Butler's original sentencing and as they existed when he filed his sentence reduction motion. Additionally, it considered Butler's "serious criminal history, failure to engage in legal employment, and reversion to criminal conduct," and found that "there [was] a significant risk that, when released, he [would] re-offend in a manner dangerous to the public." This explanation was more than adequate. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (determining that a district court judge's certification on a form that he had contemplated the sentence reduction motion, the relevant Guidelines policy statements, and

§ 3553(a) factors constituted a sufficient explanation for a § 3582(c)(2) sentence modification decision).  Accordingly, if we had jurisdiction, we would conclude the district court did not abuse its discretion in denying Butler's First Step Act motion.

IV.

For those reasons, we dismiss the appeal.