**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0151n.06**

**No. 19-1753**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Mar 13, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CASS LAVELL BETHEA, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: STRANCH, BUSH, and LARSEN, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Cass L. Bethea appeals the district court's order denying him a sentence reduction under the First Step Act. We **AFFIRM** the decision below.

In 2006, Bethea was sentenced to 140 months of imprisonment, followed by five years of supervised release, after pleading guilty to possession with the intent to distribute five or more grams of cocaine base (crack). Bethea appealed, and we affirmed his sentence. *United States v. Bethea*, No. 06-2148 (6th Cir. Aug. 29, 2007). In February 2015, Bethea completed his prison sentence and commenced supervised release. In June, Bethea violated various terms of his supervised release, and the district court modified the terms to include special conditions for the remainder of the period.

In January 2016, Bethea was arrested and charged with two felony counts of delivering cocaine. A state court sentenced Bethea for that crime, and Bethea thereafter pleaded guilty in the district court to violating the terms of his supervised release. The district court sentenced Bethea

to 30 months of imprisonment, to be served consecutively to his state court sentence. Bethea is currently in federal custody serving his sentence for violating the terms of his supervised release.

On March 4, 2019, Bethea moved to reduce his revocation sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The district court denied that motion, and Bethea timely appealed.

The First Step Act "permits a court that sentenced a defendant for an offense for which 'the statutory penalties . . . were modified' by the Fair Sentencing Act to 'impose a reduced sentence as if' the Fair Sentencing Act were 'in effect at the time the covered offense was committed.'" *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (alteration in original) (quoting First Step Act of 2018, § 404(a), (b), Pub. L. No. 115-391, 132 Stat. 5194, 5222). The Act imposes two limits on eligibility: a defendant may not seek a reduction if (1) his sentence was already modified under the Fair Sentencing Act of 2010, or (2) he lost a prior motion for a sentence reduction on the merits. *Id.*

The district court denied Bethea's motion, reasoning that "[b]ecause Bethea is in custody for violating the terms of his supervised release" and not for his 2006 crack conviction, "he is not eligible for relief under the First Step Act." The court also held that even if Bethea is eligible for relief under the First Step Act, it "exercises its discretion and declines to reduce his sentence." On appeal, Bethea only challenges the district court's holding that he is ineligible for a sentence reduction. That legal determination is reviewed de novo. *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014).

Bethea argues that the district court has authority to reduce his revocation sentence because the original sentence for his crack conviction is a "covered offense" under the First Step Act. We agree. *See United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020) (holding that defendant

serving revocation sentence is eligible for a sentence reduction under the First Step Act). The district court, however, also decided to exercise its discretion not to reduce his sentence and Bethea does not challenge this alternative ruling on appeal. That decision still stands. Any challenge to the court's exercise of discretion has been forfeited. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal." (alteration in original) (quoting *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996)).

We **AFFIRM** the decision below.