NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0131n.06

Case No. 24-1279

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 06, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| SHAHID TAHIR, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: COLE, WHITE, and MATHIS, Circuit Judges.

COLE, Circuit Judge. A district court sentenced Shahid Tahir for conspiracy to commit health care fraud and wire fraud. After a retroactive amendment to the United States Sentencing Guidelines, Tahir moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court determined he was ineligible and denied his motion. Because we recently concluded that United States Sentencing Guideline § 4C1.1(a)(10) specifies two necessary conditions for eligibility under the amendment, one of which Tahir lacks, we affirm.

I.

Shahid Tahir pleaded guilty to conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349. At sentencing, his total offense level was 33. He received an adjustment for being an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" under USSG § 3B1.1(a). Tahir had no criminal history points, so his criminal history category was I. Accordingly, his advisory guidelines range was 135 to 168 months' imprisonment. In 2016, the district court sentenced Tahir to 126 months in prison.

After Tahir's sentencing, the United States Sentencing Commission promulgated a new guideline, USSG § 4C1.1, to provide a two-point reduction in the offense level for defendants who received no criminal history points at sentencing, otherwise referred to as "zero-point offenders." Notice of Final Action Regarding Amendment 821, 88 Fed. Reg. 60534, 60534–36 (Sept. 1, 2023). To be eligible for the reduction, the defendant must meet ten criteria set forth in § 4C1.1(a).[1] USSG Amend. 821, Pt. B. This appeal concerns only the tenth criterion: "[T]he defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." USSG § 4C1.1(a)(10).[2] Made retroactively applicable, § 4C1.1 can serve as the basis for a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). USSG Amend. 825; USSG § 1B1.10.

---

[1] The text of the amendment states—

(a) *Adjustment*.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

[2] Section 4C1.1(a) was further amended effective November 1, 2024, to strike 4C1.1(a)(10) and replace it with new paragraphs (10) and (11): "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." USSG Amend. 831. The Commission explained that the amendment "makes technical changes" to "clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision." *Id.* As the district court issued its order before the enactment of this amendment, we rely on solely the statutory text from Amendment 821.

Arguing that he qualified for a two-level reduction based on the amendment, Tahir moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). While acknowledging his receipt of an aggravating role adjustment, he contended that "a person must both receive an adjustment under § 3B1.1 *and* have engaged in a continuing criminal enterprise [] under § 848 to be disqualified for the 'zero-point offender' reduction." (Mot. for Sentence Reduction, R. 417, PageID 3318.) The government opposed his motion, arguing, in part, that the aggravating role adjustment independently rendered him ineligible. The probation office also advised that Tahir would be ineligible for the same reason.

The district court denied Tahir's motion in a form order that stated only that Tahir's motion was "denied." This appeal followed. While the district court offered no explanation for its decision, both Tahir and the government attribute the denial to a legal conclusion that Tahir's aggravating role adjustment rendered him ineligible for the zero-point offender reduction.

II.

We review the district court's legal determination of a defendant's eligibility for a sentence reduction de novo. *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014).

After briefing in this case was complete, we decided *United States v. Ashrafkhan*,--- F.4th ----, 2025 WL 670436 (6th Cir. 2025). That case presented the same question as this appeal: whether a defendant with an aggravating role adjustment was precluded from the zero-point offender reduction, despite not having engaged in a continuing criminal enterprise. *Id.* at *2. We concluded that "§ 4C1.1(a)(10) creates an eligibility checklist and specifies two necessary conditions for eligibility under the amendment: a defendant must have not received an aggravating role adjustment *and* a defendant must not have engaged in a continuing criminal enterprise to meet the criterion. Failure to satisfy either condition renders the defendant ineligible." *Id.* at *3.

Since Tahir received an aggravating role adjustment, he cannot meet the requirements of § 4C1.1(a)(10). Tahir is, therefore, ineligible for a reduction under Amendment 821. And since, as we explained in *Ashrafkhan*, § 4C1.1(a)(10) is susceptible to only one possible construction, we reject Tahir's efforts to invoke the rule of lenity. *See id.* at \*6; *United States v. Shabani*, 513 U.S. 10, 17 (1994) ("The rule of lenity [] applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute.")

### III.

For the same reasons set forth in *Ashrafkhan*, we affirm.