12-3685-cr
United States of America v. Pedro Lora

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT: JON O. NEWMAN,
         RALPH K. WINTER,
         CHRISTOPHER F. DRONEY,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -

United States of America,
                    Appellee,

          v.                                    12-3685-cr

Ricardo Leonardo, Yenny Guzman,
                    Defendants,

Pedro Lora, aka Smokey,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -

FOR APPELLANT:                    Frank J. Riccio, II, Law Offices of
                                  Frank J. Riccio LLC, Bridgeport, CT.

FOR APPELLEE:                    Jonathan Francis, Assistant United
                                 States Attorney (Sandra S. Glover
                                 and Robert M. Spector, Assistant
                                 United States Attorneys, on the
                                 brief), United States Attorney's
                                 Office for the District of
                                 Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Covello, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant–Appellant Pedro Lora appeals from an August 30, 2012, order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). On September 19, 2005, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Lora pled guilty to one count of conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. On October 24, 2011, Lora moved for a § 3582(c)(2) sentence reduction based on Amendment 750 to the Sentencing Guidelines, which re-promulgated prior temporary reductions to the base offense levels for crack cocaine offenses. See U.S.S.G. App. C., Amend. 750 (2011).

A court may reduce a defendant's sentence if he has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

2

§ 3582(c)(2); see Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). The District Court held that because Lora's Rule 11(c)(1)(C) plea agreement did not refer to a guidelines range, his 15-year sentence was not based on an amended guidelines range, and Lora was thus ineligible for § 3582(c)(2) relief. The determination of whether an original sentence was "based on" a sentencing range that has been lowered by the Sentencing Commission is a matter of statutory interpretation, and our review is de novo. United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009) (quoting § 3582(c)(2)). In conducting that review here, we assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Lora urges that the Supreme Court's holding in Freeman v. United States, 131 S. Ct. 2685 (2011), authorizes a sentence reduction because his plea agreement expressly refers to, or is at least "loosely based upon," the Guidelines. Appellant Br. at 6; see Freeman, 131 S. Ct. at 2695-97 (Sotomayor, J., concurring) (where a defendant is sentenced pursuant to a Rule 11(c)(1)(C) agreement, a district court has jurisdiction to consider a sentence reduction only if the agreement makes clear that the basis for a term of imprisonment is the guidelines range). The District Court rejected this argument, but we need not consider it, as we affirm on a different ground. Lora's calculated guidelines range was based on the finding that he was a career offender, and Amendment

3

750 to the Guidelines did not affect his career offender enhancement. Because the amendment does not lower Lora's applicable guideline range, he is ineligible for a sentence reduction.[1]

Section 1B1.10 of the Sentencing Guidelines provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [an amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 759 to the Guidelines, effective November 1, 2011, amended the advisory notes to § 1B1.10 to define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." See U.S.S.G. App. C, Amend. 759 (2011); U.S.S.G. § 1B1.10 cmt. n.1(A).

At Lora's sentencing on January 17, 2006, the Court adopted the offense level and criminal history category from the Probation Department's Pre-Sentence Report ("PSR"). The PSR included a career offender enhancement pursuant to U.S.S.G. § 4B1.1, resulting in a total offense level of 35. Based on this offense level and

---

[1] "[I]t is long-settled law that we may affirm the judgment of the District Court on any ground that the record supports." Carpenter v. Republic of Chile, 610 F.3d 776, 781 n.6 (2d Cir. 2010).

a criminal history category of VI, Lora's sentencing range was 292 to 365 months' imprisonment. The Court departed from the Guidelines and the plea agreement and sentenced Lora to a term of 11 years' imprisonment. Following an initial appeal not relevant here, on remand, the District Court sentenced Lora to 15 years' imprisonment in conformity with the plea agreement.

The fact that the District Court originally departed downward from both the Guidelines and the minimum sentence in the plea agreement has no effect on Lora's ineligibility for a sentence reduction. Prior to Amendment 759's definition of "applicable guideline range," this Court had held that where a sentencing judge departs from a range computed under the career offender guideline to a lower range, the post-departure range was the "guideline range applicable" to a defendant for the purposes of § 1B1.10. See United States v. Rivera, 662 F.3d 166, 177 (2d Cir. 2011). But our decision in Rivera acknowledged that the then-proposed Amendment 759, once effective, would "prescribe the precise construction of 'applicable guideline range' that we refuse to give the existing guideline, i.e., it is the pre-departure range from the initial sentencing." Id. at 183; see also United States v. Steele, 714 F.3d 751, 756 (2d Cir. 2013) (discussing the limitations of Rivera's holding after the effective date of Amendment 759).[2]

---

[2] Lora filed a pro se § 3582(c)(2) motion on October 24, 2011 — a week before the effective date of Amendment 759. In addition to defining the "applicable guideline range," Amendment 759 clarified that a sentencing court shall use the version of § 1B1.10

Although Amendment 750 reduced the base offense levels for crack cocaine offenses, it made no such reduction to the career offender enhancements set forth in § 4B1.1. As a career offender, Lora is ineligible for § 3582(c)(2) relief. See U.S.S.G. § 1B1.10(a)(2)(B); see also U.S.S.G. App. C, Amend. 750 (2011) (explaining that offenders sentenced pursuant to § 4B1.1 receive guideline ranges that are "unaffected by a reduction in the Drug Quantity Table"); United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010) (a defendant sentenced as career offender under § 4B1.1 is ineligible for a sentence reduction under crack cocaine amendments to the Guidelines). Lora also argues that recent case law developments render his career offender status uncertain, but this argument is not properly raised on a § 3582(c)(2) motion. See Dillon, 130 S. Ct. at 2694. Accordingly, the order of the District Court is AFFIRMED.

FOR THE COURT,
CATHERINE O'HAGAN WOLFE, Clerk

---

that is in effect on the date on which the court reduces the term of imprisonment. U.S.S.G. App. C, Amend. 759 (2011); U.S.S.G. § 1B1.10 cmt. n.6. The District Court's order denying Lora's motion was entered on August 30, 2012 — well after the effective date of Amendment 759 — and the amendment's definition of "applicable guideline range" governs this appeal.

6