NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0039n.06

Nos. 13-6624, 14-5136, 14-6105, and 15-5140

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 22, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| MICHAEL ANDRE SNOW, SR.; ASHUN SINCER | ) | UNITED STATES DISTRICT |
| LEWIS; DEWAYNE ALLEN THOMAS; and | ) | COURT FOR THE EASTERN |
| CHARLES LEE JONES, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellants. | ) | |

Before: SILER, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Michael Snow, Ashun Lewis, Dewayne Thomas, and Charles Jones pled guilty to several cocaine-related charges. The district court sentenced Snow and Lewis to enhanced mandatory-minimum sentences pursuant to 21 U.S.C. § 841(b)(1)(B) because they had prior drug-related convictions. The district court sentenced Thomas and Jones as career offenders under the Sentencing Guidelines. All four challenge their sentences. The government concedes that the district court should not have sentenced Thomas as a career offender, so we remand his case for resentencing. As to the remaining defendants, we affirm.

I.

Michael Snow pled guilty to one count of possessing 28 grams or more of cocaine base and one count of possessing marijuana with the intent to distribute, both in violation of 21 U.S.C. § 841(a), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g). The United States filed a notice, pursuant to 21 U.S.C. § 851, that Snow faced enhanced mandatory-minimum sentences for his drug offenses because he had a prior state-court conviction for drug possession. The district court sentenced Snow to ten-year prison terms on each count, to run concurrently.

Ashun Lewis pled guilty to one count of conspiring to distribute 28 grams or more of cocaine base and one count of distributing the same, both in violation of 21 U.S.C. § 841(a). As with Snow, the United States filed a § 851 notice of Lewis's prior convictions: 2007 and 2009 convictions for drug possession. The district court likewise sentenced Lewis to ten-year prison terms on each count, to run concurrently.

Like Lewis, Dewayne Thomas pled guilty to one count of conspiring to distribute 28 grams or more of cocaine base, and one count of distributing the same. Thomas had prior state-court convictions for burglary and drug trafficking. As a result, and over Thomas's objection, the court sentenced him as a career offender under § 4B1.1 of the Sentencing Guidelines. The court then granted the United States's § 5K1.1 motion for a downward departure from the applicable Guidelines range and sentenced Thomas to concurrent 156-month terms on each count, with 24 months to run concurrently with a state court sentence that Thomas was already serving.

Charles Jones pled guilty to seven crimes related to the distribution of cocaine or cocaine base, all in violation of 21 U.S.C. §§ 841(a), 846. The district court sentenced Jones as a career offender under the Guidelines. The court also granted the United States's motion for a downward departure and sentenced Jones to 168 months' imprisonment.

These appeals followed.

II.

A.

Snow and Lewis argue that their ten-year sentences violate the Eighth Amendment. Under 21 U.S.C. § 841(b)(1)(B), a defendant who is convicted of possessing with the intent to distribute 28 grams or more of cocaine base must be sentenced to a minimum of five years in prison. The sentence increases to ten years if the defendant has a prior felony drug conviction and the prosecutor files a notice of that prior conviction with the district court. *Id.* §§ 841(b)(1)(B), 851.

Here, the government filed the required notices detailing Snow's and Lewis's prior felony drug convictions. Based on those prior convictions, the district court sentenced both Snow and Lewis to mandatory-minimum ten-year sentences. Both defendants now contend that their sentences are cruel and unusual. We review de novo whether they were. *See United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009).

In non-capital cases, the Eighth Amendment forbids only an "extreme disparity between crime and sentence." *Id.* (citation and quotation marks omitted). As relevant here, we have already held that ten-year sentences for possession with the intent to distribute 19.65 and 26.92 grams of cocaine base did not violate the Eighth Amendment. *See United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc). Snow and Lewis possessed larger amounts of cocaine base (42.1 and 47.13 grams, respectively) than the *Blewett* defendants did. Hence, their Eighth Amendment challenge is foreclosed by precedent.

Snow and Lewis contend nevertheless that a 2013 memo from the Attorney General shows that their sentences are cruel and unusual. In the memo, the Attorney General directs the U.S. Attorneys to "decline to file a [§ 851 notice] unless the defendant is involved in conduct

that makes the case appropriate for severe sanctions." R. 744-1. The Attorney General also provides a list of factors to consider when deciding whether to file a § 851 notice. *Id.* at 3. But the memo by its express terms does not create any enforceable rights. *See United States v. Nagy*, 760 F.3d 485, 490 (6th Cir. 2014); R. 744-1 at n.2. The memo therefore cannot help the defendants' Eighth Amendment argument here.

B.

Snow argues that the district court should not have used his state-court conviction in 2002 to enhance his mandatory-minimum sentence to ten years. The reason, Snow asserts, is that his waiver of his right to appointed counsel in the 2002 case (Snow had retained counsel at the time) was not knowing and voluntary.

Snow cannot attack his 2002 conviction collaterally, however, by arguing that his waiver of rights was unknowing or involuntary. *Custis v. United States*, 511 U.S. 485, 496 (1994). Instead he can challenge the 2002 conviction only by arguing that he lacked counsel altogether in the 2002 case. *United States v. Reed*, 141 F.3d 644, 652 (6th Cir. 1998). But Snow was undisputedly represented by counsel throughout his state-court proceedings, including his guilty plea. R. 877 at 4. That fact itself defeats his claim. Moreover, even if, as Snow contends, the waiver-of-counsel form was unclear as to whether he had a right to appointed (as opposed to retained) counsel at trial, the state judge clearly explained Snow's rights at the plea hearing: "[Y]ou have the right . . . to be represented by an attorney. If you cannot afford an attorney, one will be appointed to represent you." *Id.* at 7. Hence even the premise of Snow's argument is incorrect.

C.

Lewis argues that his prior drug convictions cannot be used to enhance his sentence because the district court did not follow the procedure required by § 851. That section requires the district court to ask the defendant "whether he affirms or denies that he has been previously convicted as alleged in the [§ 851 notice]." 21 U.S.C. § 851(b). The government concedes that the district court never gave Lewis a chance to deny his prior convictions. The government contends, however, that we should review the omission for plain error because Lewis did not object at the sentencing hearing. Lewis responds that we should use the more favorable harmless-error standard because § 851 places an affirmative duty on the court to conduct the colloquy. *See United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998). We need not choose between the standards here, however, because the result is the same under either.

A district court's failure to conduct the § 851 colloquy is harmless when the defendant is statutorily barred from challenging his prior conviction. *Id.* Section 851 bars defendants from challenging the "validity of any prior conviction" that occurred more than five years before the government filed its § 851 notice. 21 U.S.C. § 851(e). The United States filed its § 851 notice on November 6, 2012, *see* R. 284, so Lewis cannot challenge the validity of his February 2007 conviction for drug possession.

Lewis responds that § 851(e) does not apply here because he challenges the nature of his 2007 conviction rather than its validity. Specifically, Lewis contends that his 2007 conviction was not "punishable by more than one year" in prison and thus is not a "felony drug offense" that would trigger an enhanced penalty here. *See* 21 U.S.C. § 802(44). At all relevant times, however, Lewis's conviction was punishable by more than a year in prision. *See* Ky. Rev. Stat.

§§ 218A.1415 (2007), 218A.1415 (2011), 532.060.  His 2007 conviction therefore can be used to trigger an enhanced penalty here.

D.

Thomas challenges the district court's designation of him as a career offender under U.S.S.G. § 4B1.1.  Specifically, Thomas argues that his state-court conviction for burglary was not one for a "crime of violence" under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government agrees.  We therefore vacate Thomas's sentence and remand for resentencing, without reaching his argument that his federal sentence should run concurrent with his state one.

E.

Jones seeks resentencing in light of Amendment 782 to the Guidelines, which lowered the offense level for most drug convictions by two levels.  But Jones's sentence was based on the career offender Guidelines, U.S.S.G. § 4B1.1, which were not affected by Amendment 782. Jones cannot receive a sentence reduction based on Amendment 782 because the amendment did not lower his applicable sentencing range.  *See United States v. Webb*, 760 F.3d 513, 518-19 (6th Cir. 2014); 18 U.S.C. § 3582(c)(2).

*     *     *

We affirm the judgments of the district court in Nos. 13-6624, 14-5136, and 15-5140. We vacate the sentence in No. 14-6105 and remand for resentencing.