NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0135n.06

No. 15-5294/15-5465

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Mar 10, 2016

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE MIDDLE |
| STEVE ALLEN BRADEN, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

**BEFORE: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Following a jury trial in 2009, Appellant Steve Allen Braden ("Mr. Braden") was convicted of and sentenced for three drug- and firearms-related offenses. At sentencing, the district court determined that Mr. Braden was an Armed Career Criminal under the Armed Career Criminal Act ("ACCA") and a Career Offender under § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines"). Thereafter, Mr. Braden filed numerous pro se motions, two of which are relevant to this appeal: the motions requested a sentence reduction under United States Sentencing Amendments 782 and 784 ("Amendment 782" and "Amendment 784"). The district court determined that Mr. Braden was not eligible for a sentence reduction. On appeal, Mr. Braden argues that his sentence was based "in meaningful part" on the drug offense guidelines, and therefore, he is entitled to a sentence reduction. For the following reasons, we **AFFIRM.**

## I.     BACKGROUND

In 2009, Mr. Braden was convicted of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841; one count of possession of a firearm in furtherance of drug trafficking activity in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g).  Based on his prior convictions, he qualified as an Armed Career Criminal pursuant to the ACCA and as a Career Offender pursuant to the Guidelines.  He was sentenced to concurrent terms of forty years of imprisonment on counts one and two, and a consecutive term of five years of imprisonment on count three.  He appealed his convictions and sentence to this court, and we affirmed.  *United States v. Braden*, No. 09-5854 (6th Cir. Oct. 28, 2010).

In January 2015, Mr. Braden filed a pro se petition for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 784 to the Guidelines.[1]  After counsel was appointed for Mr. Braden, but before any briefing occurred, the district court denied the petition for a sentence reduction under Amendment 784.  Mr. Braden timely appealed that order which resulted in appeal number 15-5294.

In April 2015, Mr. Braden filed another pro se petition for a sentence reduction under 18 U.S.C. § 3582(c)(2), but this time he relied on Amendment 782 to the Guidelines.  This petition was similarly denied, and Mr. Braden appealed.  The second appeal resulted in appeal number 15-5465.  The two appeals were later consolidated into the instant appeal.

---

[1] Section 3582(c)(2) permits courts to reduce the sentence of defendants who have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2).  These sentencing ranges are often lowered by amendments to the Guidelines. *See United States v. Johnson*, 569 F.3d 619, 624 (6th Cir. 2009).

## II. DISCUSSION

### A. Standard of Review

This court reviews a district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013). However, we review de novo a district court's determination that a defendant is ineligible for a sentence reduction under § 3582(c)(2). *Id.* Because the district court determined that Mr. Braden is ineligible for the reduction, we review the determination de novo. *See id.*

### B. Analysis

#### 1. Amendment 784

Mr. Braden chose to "focus" his appeal on "whether Amendment 782 applies" to Mr. Braden's sentence rather than the applicability of Amendment 784. Though Mr. Braden purports to "reserve" his argument with respect to Amendment 784, he has forfeited review of that claim by not pursuing it on appeal. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000); *cf. United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (noting that we need not address "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation").

#### 2. Amendment 782

A defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) if "(1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission;" and "(2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Riley*, 726 F.3d at 758. "The U.S. Sentencing Commission has amended" the sentencing guidelines "to reduce the disparity between sentences for offenses arising out of powder and crack cocaine."

*United States v. Williams*, 512 F. App'x 594, 596 (6th Cir. 2013). Amendment 782 reduced the base offense level related to § 2D1.1(c) of the Guidelines,[2] and the reduction applies to most crack cocaine offenses. *United States v. Snow*, No. 13-6624, 2016 WL 278953, at *3 (6th Cir. Jan. 22, 2016).

To satisfy the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(2), "a guidelines amendment must have the effect of lowering the defendant's *applicable guideline range*." *Riley*, 726 F.3d at 758 (emphasis added). We have defined a defendant's applicable guideline range as "the range that applies before the sentencing court grants any discretionary departures." *United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010) (footnote omitted). Additionally, Amendment 782 did not have any effect on the § 4B1.l career offender guidelines. *Snow*, No. 13-6624, 2016 WL 278953, at *3.

Mr. Braden argues that his sentence should be reduced because his sentence was based "in meaningful part" on the drug-offense guidelines provided by § 2D1.1(c). Mr. Braden's assertion that his sentence was "based in meaningful part" on the drug quantity guidelines is belied by the record. The record is devoid of any evidence that the sentencing judge relied, in any part, on the drug quantity guidelines. The sentencing judge did not refer to the drug quantity guidelines at the sentencing hearing. *See United States v. Webb*, 760 F.3d 513, 519 (6th Cir. 2014) (concluding that the district court did not base the defendant's sentence on the crack cocaine sentencing guidelines because it did not "refer to the crack cocaine guidelines during the sentencing hearing"). Therefore, any discussion regarding the breadth of the term "based on" as

---

[2] Section 2D1.1(c) of the Guidelines governs the base offense level for various drug quantities. U.S.S.G. § 2D1.1(c).

it pertains to Mr. Braden is purely academic because there is no evidence that the district court based any part of its reasoning on the drug quantity guideline.[3]

Mr. Braden's applicable guideline range is not controlled by the § 2D1.1(c) drug guideline but it is controlled by the career-offender guideline under U.S.S.G. § 4B1.1. *See Webb*, 760 F.3d at 520. Mr. Braden does not dispute that he is a Career Offender pursuant to § 4B1.1 of the Guidelines. It is well-settled that a defendant's applicable guideline range is "the range that was applicable to him *under the Guidelines*[.]" *See United States v. Garrett*, 758 F.3d 749, 753 (6th Cir. 2014). The Guidelines commentary notes that the "applicable guideline range" is the "guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *See id.* (quoting U.S.S.G. § 1B1.10, Application Note 1).

The Guidelines state that the "career-offender level 'shall apply' if th[at] offense level 'is greater than the offense level otherwise applicable.'" *United States v. Steel*, 609 F. App'x 851, 856 (6th Cir. 2015) (quoting U.S.S.G. § 4B1.1(b)). Therefore, where the career offender offense level is higher than the drug offense level, the "career-offender offense level controls[.]" *Id.* Here, Mr. Braden's offense level under the drug-quantity guidelines, § 2D1.1, was 24. Mr. Braden's offense level under the career offender guidelines pursuant to § 4B1.1 was 37. Mr. Braden does not dispute the accuracy of these calculations on appeal, and at sentencing, the

---

[3] Even if this court considers Mr. Braden's argument with regard to the breadth of the term "based on," this argument fails. He argues that *Freeman v. United States*, — U.S. —, 131 S. Ct. 2685 (2011), redefined the term "based on," such that a broader meaning renders Mr. Braden eligible for a sentence reduction. Mr. Braden's reliance on *Freeman* is misplaced. This court has oft recognized that the controlling rule from the *Freeman* opinion is Justice Sotomayor's concurring opinion. *E.g.*, *Riley*, 726 F.3d at 760. *Freeman* "specifically dealt with the definition of 'based on' in the plea-agreement context." *Id.* Mr. Braden did not enter into a plea agreement in this case, and therefore, *Freeman* is inapposite. Furthermore, Mr. Braden's reliance on the Second Circuit case of *United States v. Rivera*, 662 F.3d 166, 173 (2d Cir. 2011) for the proposition that his drug quantity range is the applicable guideline range, is also unavailing because the holding of *Rivera* was superseded by later amendments to the Guidelines. *See United States v. Leonardo*, 529 F. App'x 75, 77 (2d Cir. 2013).

district court did not alter these two offense levels. Because Mr. Braden's career offender level was greater than his drug quantity level, the career offender level "controls"—the guideline range for that offense level is the applicable guideline range. *See, e.g.*, *United States v. Douglas*, 606 F. App'x 287, 290 (6th Cir. 2015) ("Because Douglas's offense level as a career offender (37) was greater than his base offense level determined by drug quantity (32), the career offender guideline—not the later-amended crack cocaine guideline—controlled.").[4] Amendment 782 did not have any effect on the § 4B1.l career offender guidelines. *Snow*, No. 13-6624, 2016 WL 278953, at *3.

For the foregoing reasons, Mr. Braden is not eligible for a sentence reduction under § 3582(c)(2). *See, e.g.*, *Douglas*, 606 F. App'x at 290; *see also Webb*, 760 F.3d at 521; *Riley*, 726 F.3d at 761; *Pembrook*, 609 F.3d at 387 (holding that the defendant, a career offender, was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because the relevant amendment did not lower his applicable guideline range).[5]

### III.    CONCLUSION

For the foregoing reasons, the district court's determination that Mr. Braden is not eligible for a sentence reduction under Amendment 784 and Amendment 782 is **AFFIRMED.**

---

[4] Additionally, this court rejects Mr. Braden's argument that § 1B1.10(a) "narrows" the definition of "based on," such that it is inconsistent with § 3582(c)(2). Rather than conflicting with the statutory language, here the guidelines "explain[] the meaning of the statute's terms." *See Webb*, 760 F.3d at 522.

[5] Mr. Braden's counsel filed a reply brief that Mr. Braden had written himself. While the court considered the reply, Mr. Braden argued for the first time in his reply brief that he is not an Armed Career Criminal under the ACCA. It is well-settled that issues raised for the first time in a reply brief are waived. *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the [c]ourt in a reply brief is waived."). Furthermore, the issue of whether Mr. Braden qualifies as an Armed Career Criminal is the subject of another appeal before this court, No. 14-6395.