NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0214n.06

Case No. 14-6535

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 20, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JASON HOWARD, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**O P I N I O N**

BEFORE: SUHRHEINRICH, McKEAGUE, and DONALD, Circuit Judges.

**McKEAGUE, Circuit Judge.** Jason Howard was indicted on three charges related to his involvement in distributing cocaine in a large drug ring in Kentucky. He was originally sentenced to 360 months' imprisonment, with five years of supervised release and a $300 assessment. He appealed, and, after holding that the district court erred in considering unrelated criminal activity when refusing an acceptance-of-responsibility offense level reduction under U.S.S.G. § 3E1.1, we remanded for resentencing. *United States v. Howard*, 570 F. App'x 478, 479 (6th Cir. 2014). Under the recalculated Guidelines range, Howard was resentenced to a bottom-of-the-Guidelines sentence of 292 months' imprisonment followed by five years of supervised release. Five days after his resentencing hearing, the probation officer filed a revised presentence investigation report (PSR) to reflect the updated Guidelines range used in

resentencing. Howard does not object to the updated Guidelines range. Nor does he contest that there was no obligation to file a revised PSR during resentencing. Instead, Howard argues on appeal that the district court (1) failed to verify that his new counsel discussed his original PSR or the amended one at resentencing in violation of Fed. R. Crim. P. 32(i), (2) contravened Fed. R. Crim. P. 32(e)(2) and 18 U.S.C. § 3552(d) by filing an amended PSR five days after sentencing, and (3) imposed a procedurally unreasonable sentence. We affirm the sentence imposed by the district court.

## I

From December 2008 to May 2010, Howard was involved with what has become known as the McCarthy drug ring in Louisville, Kentucky. Michael McCarthy, Jr. imported hundreds of kilograms of cocaine and distributed it to others, including Howard, who in turn distributed it to lower level cocaine dealers and cocaine users.

Beginning in December 2009, the Drug Enforcement Administration (DEA) tapped Howard's phone. The DEA heard Howard tell co-defendant Dwayne Martin that he had bought an AR-15 assault rifle and had hidden it in his closet. The DEA also learned that Howard left cocaine in his grill or his shed outside of his house for customers to pick up. On another occasion, Howard spoke with co-defendant Jason Bald about finding a source of cocaine other than McCarthy. The two of them agreed that Bald would take $90,000 to Columbus, Ohio to buy three kilograms of cocaine.

Bald traveled to a hotel in Columbus on February 26, 2010. Upon arrival, Bald called Howard and told him that he would call again when the supply arrived. Bald purchased two kilograms of cocaine for $64,000. Police arrested Bald when he left the hotel.

In May 2010, DEA agents arrested Howard. They also executed a search warrant at his house, seizing an AR-15 assault rifle and a handgun. A grand jury returned a superseding indictment that charged Howard with three counts: (1) conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846; (2) possessing cocaine with the intent to distribute in violation of 18 U.S.C. § 841(a)(1); and (3) money laundering in violation of 18 U.S.C. § 1956(a)(1). In August 2011, Howard pleaded guilty to all three counts.

At sentencing, the district court found that Howard's total offense level was 43. With his criminal history category of III, Howard faced a Guidelines range with a minimum of life in prison. Believing a life sentence to be inappropriately harsh for Howard's crimes, the district court varied downward and sentenced Howard to 360 months' imprisonment. R. 572, Sentencing Tr. at 114, Page ID 1996.

Howard appealed his sentence. We affirmed the district court's application of a leadership enhancement and a dangerous weapon enhancement. *Howard*, 570 F. App'x at 481–83. But, we held that the district court had erred in refusing to grant a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). *Id.* at 483–84. The district court had refused to grant the reduction because Howard had committed a misdemeanor while in detention by possessing a cell phone in jail in violation of 18 U.S.C. § 1791(a)(2). We held, however, that "unrelated criminal activity cannot be the basis of refusing acceptance of responsibility" and so vacated the sentence and remanded for resentencing. *Howard*, 570 F. App'x at 484.

For resentencing, the parties and the district court agreed that Howard should receive the three-point reduction for acceptance of responsibility and an additional two-point reduction under Amendment 782 to the Sentencing Guidelines. Amendment 782 reflects a decision by the U.S. Sentencing Commission "to reduce the disparity between sentences for offenses arising out

of powder and crack cocaine." *United States v. Williams*, 512 F. App'x 594, 595 (6th Cir. 2013) (citing *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012)). "Amendment 782 reduced the base offense level related to § 2D1.1(c) of the Guidelines,[1] and the reduction applies to most crack cocaine offenses." *United States v. Braden*, Nos. 15-5294, 15-5465, 2016 WL 909359, at *2 (6th Cir. Mar. 10, 2016) (citing *United States v. Snow*, No. 13-6624, 2016 WL 278953, at *3 (6th Cir. Jan. 22, 2016)). This resulted in a new total offense level of 38 with a criminal history of III, with a resulting Guidelines range of 292 to 365 months' imprisonment.

Howard was represented by new counsel during resentencing. He filed a renewed sentencing memorandum. R. 974, Sentencing Memo. at 1–4, Page ID 5291–94. In his memorandum, Howard argued that this new range was disproportionate to the sentences received by the other members of the conspiracy and asked the district court to grant a three-level downward variance, which would be consistent with the variance from the original Guidelines range that Howard received at his original sentencing.

Howard's resentencing hearing took place on December 18, 2014. After "considering the matter," the district court believed "that the guideline at 38 and III provides an appropriate sentence to reflect all of those matters that the Court has and should be concerned with" and concluded that "a low end sentence is appropriate in this case." R. 985, Resentencing Tr. at 6–7, Page ID 5407–08. The district court then announced that it was sentencing Howard to a bottom-of-the-Guidelines sentence of 292 months' imprisonment followed by five years of supervised release.

---

[1] "Section 2D1.1(c) of the Guidelines governs the base offense level for various drug quantities." *United States v. Braden*, Nos. 15-5294, 15-5465, 2016 WL 909359, at *2 (6th Cir. Mar. 10, 2016).

On December 23, 2014, the probation officer filed a revised presentence investigation report (PSR). The parties agree that the only changes made to the PSR were to reflect the new Guidelines calculation because of the acceptance-of-responsibility reduction and Amendment 782. *See* R. 976, PSR at 13–14, Page ID 5309–10; Appellant Br. 6; Appellee Br. 11.

Howard now appeals his new sentence, arguing that (1) the district court failed to verify at resentencing that his counsel discussed the PSR with him as required by Federal Rule of Criminal Procedure 32(i)(1)(A); (2) the preparation and submission of an amended PSR after his resentencing hearing violated Federal Rule of Criminal Procedure 32(e)(2) and 18 U.S.C. § 3552(d); and (3) his sentence is procedurally unreasonable.

## II

Importantly, there is no requirement that a new PSR be prepared or filed for resentencing. *See United States v. Jeross*, 521 F.3d 562, 586 (6th Cir. 2008). Here, the probation officer only updated the PSR to reflect the new total offense level that was used in Howard's resentencing hearing. All parties agree that the new total offense level is accurate.

Howard does not argue that the probation officer was required to file a revised PSR. *E.g.*, Reply Br. 2. And, Howard does not object to the changes that were made to the PSR.[2] Rather, he argues that he was harmed because one *was* prepared and submitted.

---

[2] Howard does, however, object to changes that were *not* made to the PSR, claiming that the amended PSR should have included updates to the status of his co-defendants. Howard did not request an amended PSR below, and so we review only for plain error. Because there was no requirement that an amended PSR be filed, it was not plain error for the amended PSR to include only an update to the Sentencing Guidelines calculation. We note further that there is no reason to believe that updating the status of Howard's co-defendants would have impacted the sentence he received. The original PSR outlines the sentences of many of his co-defendants. R. 577, PSR at 7, Page ID 2035. Howard's counsel made the sentencing court aware of the updated status of co-defendant McCarthy, the head of the conspiracy. R. 974, Sentencing Memo. at 3–4, Page ID 5293–94 (noting that co-defendant McCarthy received a 10-year sentence). Additionally, the same judge that sentenced Howard sentenced his co-defendants, and directly stated that he had

**A**

Howard's first claim is that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to verify that his counsel had discussed the PSR with him. Rule 32(i)(1)(A) provides that "[a]t sentencing, the court . . . must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Although we require literal compliance with the rule, *United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001), "[a] trial judge need not expressly ask the defendant if he and his counsel have read and discussed the report." *United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002). "'[T]he court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss the [PSR].'" *Id.* (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).

A sentencing court is not required to "begin anew" when resentencing after a limited remand. *United States v. Garcia-Robles*, 640 F.3d 159, 166 (6th Cir. 2011). This is because "a limited remand constrains the district court's resentencing authority to the issue or issues remanded." *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997) (comparing a limited remand to a general remand which "allows the district court to resentence the defendant de novo, which means that the district court may redo the entire sentencing process including considering new evidence and issues"). An appellate court has granted a limited remand when "express limitations are given." *Garcia-Robles*, 640 F.3d at 166; *see also United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004) ("To constitute a limited remand, the appellate court 'must convey [its] intent to limit the scope of the district court's review." (quoting *United States v. Campbell*, 168 F.3d 263, 267 (6th Cir. 1999)).

---

"considered the sentences that co-defendants received." R. 985, Resentencing Tr. at 8, Page ID 5409.

Here, we remanded the case "for resentencing so that the district court may readdress the acceptance of responsibility reduction." *Howard*, 570 F. App'x at 484. This language expressly limited the scope of the resentencing hearing. *See, e.g.*, *United States v. O'Dell*, 320 F.3d 674, 680–81 (6th Cir. 2003) (holding there was a limited mandate when previous appellate order remanded to the district court for "resentencing without application of the safety valve"). Because this was a limited remand, the district court was not required to "begin anew" when it resentenced Howard. *Garcia-Robles*, 640 F.3d at 166. When Howard was originally sentenced, the district court verified that Howard and his attorney had read and discussed the PSR. R. 572, Sentencing Tr. at 3, 5 Page ID 1885, 1887. At the time of resentencing, there had been no changes made to the PSR. Thus, the district court complied with Rule 32(i)(1)(A) during resentencing on a limited remand because it had complied with the rule during the original sentencing hearing.

The fact that a revised PSR was submitted *after* the resentencing hearing does not change this analysis. There is no requirement that the probation officer must file a revised PSR for resentencing, nor did Howard ever request a revised PSR be prepared. The district court verified that Howard discussed the original PSR with his attorney, and the revised PSR was not filed until after the district court resentenced Howard. Additionally, the only change made to the PSR after resentencing was to the offense level computation—and even then only to update the offense level computation to reflect the calculation that was used during resentencing—and the parties agree that this small change was correct. In fact, the sentencing memorandum that Howard's attorney prepared and filed prior to resentencing *exactly outlines* the updated offense level computation. R. 974, Sentencing Memo. at 2–3, Page ID 5292–93. Accordingly, Howard has not demonstrated that the district court erred here.

**B**

Howard next argues that his rights under Federal Rule of Criminal Procedure 32(e)(2) and 18 U.S.C. § 3552(d) were violated because an amended PSR was submitted five days after Howard's resentencing hearing. Both Federal Rule of Criminal Procedure 32(e)(2) and 18 U.S.C. § 3552(d) impose deadlines for when a defendant must receive a PSR. Fed. R. Crim. P. 32(e)(2) ("The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives the minimum period."); 18 U.S.C. § 3552(d) ("The court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant.").

The government argues that plain error applies to this claim because Howard did not make a request for an amended PSR and did not object when one was filed. Howard, however, argues that we should review for harmless error because he did not have a meaningful opportunity to object to the amended PSR since it was filed after his resentencing hearing. *See United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009) (reviewing preserved Fed. R. Crim. P. 32(e)(2) error for harmless error); *United States v. Willis*, 649 F.3d 1248, 1257 (11th Cir. 2011) (reviewing preserved 18 U.S.C. § 3552(d) error for harmless error). We need not decide which standard applies because, even under harmless error review, Howard cannot prevail.

"In harmless-error analysis, the United States bears the burden and 'must demonstrate to the Court with certainty that the error at sentencing did not cause the defendant to receive a more severe sentence.'" *United States v. Williams*, 641 F.3d 758, 765 (6th Cir. 2011) (quoting *United*

*States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009)) (emphasis omitted). Howard argues that, had he received the revised PSR before resentencing, he would have been able to point out that his co-defendants' sentences had not been updated. However, Howard's counsel discussed the co-defendants sentences in his sentencing memorandum and the district court considered them. R. 974, Sentencing Memo. at 3–4, Page ID 5293–94; R. 985, Resentencing Tr. at 8, Page ID 5409. This, in addition to the fact that it was impossible for the district court to have relied upon the amended PSR (given that it was filed five days *after* Howard was resentenced), means that Howard did not suffer any prejudice, let alone a "more severe sentence." *Williams*, 641 F.3d at 765. Strict compliance with Rule 32(e)(2) and 18 U.S.C. § 3552(d) here would have made no difference to the sentence that Howard received, and so any error was harmless. *See United States v. Marrero*, 651 F.3d 453, 473 (6th Cir. 2011).

## III

Howard also claims that his sentence is procedurally unreasonable. We review a sentence for procedural reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014). However, when a party is given an opportunity to object to a sentence in the district court and "does not clearly articulate any objection and the grounds upon which the objection is based," we review the objections raised on appeal under the plain error standard. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004); *see also* Fed. R. Crim. P. 52(b).

Howard argues that the district court (1) failed to explain why Howard received a sentence twice as long as McCarthy, the head of the conspiracy, and (2) failed to explain why Howard should not receive a below-Guidelines sentence as he did in his original sentence. Howard did not preserve these issues. After announcing Howard's sentence, the district court

asked if there were any objections. Howard had none. R. 985, Resentencing Tr. at 9, Page ID 5410. Accordingly, we review for plain error.[3]

Howard's first argument is that the district court failed to explain why Howard received a longer sentence than the head of the conspiracy, McCarthy. A district court is not required to consider the disparity between the sentences of co-defendants. *United States v. Simmons*, 501 F.3d 620, 624 (6th Cir. 2007) (noting that a district court is, however, *permitted* to consider the disparity). This is because the concern over disparity is for "*national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). The district court here, however, did "consider[] the sentences that co-defendants received" and the "wish to avoid unwarranted sentencing disparities." R. 985, Resentencing Tr. at 8, Page ID 5409; *cf. United States v. Wallace*, 587 F.3d 794, 802–06 (noting that district court was "completely non-responsive" to the sentencing disparity argument and that "no part of the record makes clear that the district judge even understood Defendant's argument"). The district court did not commit plain error by failing to mention McCarthy by name or failing to specifically explain the difference in Howard's and McCarthy's sentences. *Wallace*, 587 F.3d at 805–06 (collecting cases).

---

[3] After Howard's attorney stated that he had no objections, Howard asked his lawyer, "Are you going to object to all that?" *Id.* His attorney then clarified with the court that when he denied having any objections he "was just referring to generally" but that Howard was preserving the objections in his original sentencing memorandum as incorporated by his resentencing memorandum. *Id.* at 11, Page ID 5412. His original sentencing memorandum did not raise the issues that he now raises. R. 457, Sentencing Memo. at 1–5, Page ID 1340–44. As to his sentencing memorandum for resentencing, "a sentencing memorandum—written and submitted *before* one's sentencing hearing—cannot be considered a suitable way to preserve an objection to actions taken *at* one's sentencing hearing." *United States v. Verburg*, 588 F. App'x 434, 444 (6th Cir. 2014) (citing *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc); *see also United States v. Mizori*, 601 F. App'x 425, 431 (6th Cir. 2015); *United States v. Lamb*, 431 F. App'x 421, 424 (6th Cir. 2011). Thus, plain error is still appropriate.

Howard's second argument is that the district court failed to explain why he should not retain the benefit of a below-Guidelines sentence on resentencing. However, the district court did provide an explanation. The district court noted that it had previously "vari[ed] the sentence" because the Guidelines range was limited to a life sentence and the court "did not [impose life] because I wanted to see that Mr. Howard at a relatively young age would have an opportunity to eventually rejoin his family and hopefully not get in any further trouble and will do that again." R. 985, Resentencing Tr. at 6, Page ID 5407. On resentencing, the Guidelines range was 292 to 365 months' imprisonment. The district court found that this range "provides an appropriate sentence to reflect all of those matters that the Court has and should be concerned with, and again, for the same reasons I believe that a low end sentence is appropriate in this case." *Id.* at 6–7, Page ID 5407–08. The district court then sentenced Howard to a bottom-of-the-Guidelines sentence of 292 months' imprisonment. The district court did not commit plain error by not further explaining why Howard was not entitled to a below-Guidelines sentence.

\* \* \*

Accordingly, we AFFIRM the sentence imposed by the district court.