**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0918n.06

No. 12-6588

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 24, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| VONDA BRIDGEWATER, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  DAUGHTREY, COOK, and WHITE, Circuit Judges.

PER CURIAM.  Defendant-appellant Vonda Bridgewater, a federal prisoner represented by counsel, appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). For the following reasons, we AFFIRM.

A third superseding indictment charged that between July 2007 and May 2009, Bridgewater and others conspired to possess with intent to distribute fifty grams or more of crack cocaine, and that in June of 2009 Bridgewater possessed with intent to distribute crack cocaine.  In January of 2011, Bridgewater entered a Rule 11(c)(1)(C) guilty plea to those charges pursuant to a plea agreement and supplement that called for application of a three-level reduction in the Guidelines calculation for acceptance of responsibility, stated that the Government would consider making a substantial-assistance motion, U.S.S.G. § 5K1.1, at sentencing, and provided for an agreed-upon ten

year sentence, followed by five years of supervised release. The district court accepted the plea

agreement and sentenced Bridgewater to 120 months of imprisonment. Although the FSA new

mandatory minimums did in fact apply, the court and the attorneys proceeded under the assumption

that the ten-year, rather than the new five-year, mandatory minimum sentence controlled.

Bridgewater subsequently filed a pro se motion for reduction of sentence. The district court

appointed counsel. Counsel objected to the Probation Office's Memorandum of Recalculation,

which concluded that no reduction applied. The district court denied Bridgewater's motion,

explaining:

> The probation office prepared a memorandum of recalculation which concluded that no reduction applied because the Fair Sentencing Act's (FSA) crack cocaine guideline amendments had been applied to the defendant's original sentence, although not the FSA's lower thresholds for mandatory-minimum terms.

> The defendant, through counsel, objected arguing that given the Supreme Court's ruling in *Dorsey v United States*, ____U.S.___, 132 S. Ct. 2321 (2012), the new lower mandatory minimums apply to post-FSA sentencing of pre-FSA offenders, like the defendant. Defense counsel also asserts that the parties based their binding plea agreement's recommended sentence of 120-months imprisonment upon the 2D1.1 guidelines (not the range generated by the career offender enhancement). Because the advisory guideline range absent the career offender enhancement would have been controlled by the 120-month mandatory minimum, defense counsel argues that the 120-month agreed term constituted a guideline sentence. Defense counsel points to the plea agreement's reference to a 3-level reduction for acceptance of responsibility to support his position. He asks the Court to apply the FSA's lower mandatory-minimum term of imprisonment and reduce the defendant's sentence in keeping with the guideline range which would apply absent the career offender enhancement. Absent the pre-FSA, 120-month mandatory minimum and absent the career offender enhancement, the advisory guideline range would be 70-87 months.

No. 12-6588
*United States v. Bridgewater*

At sentencing the Court accepted the binding plea agreement and sentenced the defendant to the agreed term of 120 months which was the statutorily required term. The Court also determined the defendant qualified as a Career Offender, resulting in a total offense level of 34, criminal history category of VI and advisory guideline range of 262-327 months. The sentence imposed (120 months) was below the advisory guideline range based upon the binding plea agreement.

Despite defense counsel's arguments, the Court finds that the 120-month agreed term was not based on the Guidelines. Instead, it was based upon the statutorily required term. Thus, the defendant is not eligible for a reduction under 18 U.S.C. § 3582(c)(2). *See Freeman v. United States*, __ U.S. __ , 131 S. Ct. 2685 (2011). In *Freeman* the Court held that a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible to seek a reduction in sentence under 18 U.S.C. § 3582(c)(2) if the original sentence was based upon the Sentencing Guidelines and that range is subsequently lowered by the United States Sentencing Commission. In this case, as previously stated, the sentence was based upon the mandatory minimum term required; therefore, a reduction is not authorized.

Further this Court lacks jurisdiction to modify a term of imprisonment under § 3582(c)(2) because § 3582(c)(2) only confers jurisdiction when the Sentencing Commission lowers a sentencing range, not when Congress establishes a new mandatory minimum. The Court originally applied the FSA's guideline amendments. The amendments' retroactivity has no impact in this case, and thus a reduction is not authorized. Beyond these reasons, the Court finds that the original sentence remains sufficient but not greater than necessary to comply with the purposes of sentencing.

For these reasons, the defendant's objections are overruled. The denial of this motion in no way limits the defendant's ability to challenge her sentence under 28 U.S.C. § 2255.

When district courts deem a defendant ineligible for a sentence reduction, we review de novo. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Williams*, 607 F.3d 1123, 1125

(6th Cir. 2010). Section 3582(c)(2) provides a "limited adjustment to an otherwise final sentence." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). It applies when the defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Williams*, 607 F.3d at 1125. Under such circumstances, a court may reduce a prison term "if consistent with [the Sentencing Commission's] applicable policy statements. 18 U.S.C. § 3582(c)(2); *McClain*, 691 F.3d at 777. To satisfy this second requirement, "a guidelines amendment must 'have the effect of lowering the defendant's applicable guideline range.'" *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010) (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court addressed whether, for purposes of § 3582(c)(2), a defendant entering a Rule 11(c)(1)(C) agreement received a sentence based on the agreement only or also based on a sentencing guideline referenced in the agreement. The narrowest and thus controlling opinion concluded that if the agreement "*expressly* uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the [Sentencing Commission]," a defendant may seek a § 3582(c)(2) reduction. *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring) (emphasis added); *see United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011) (recognizing that Justice Sotomayor's concurrence controls).

Bridgewater argues that her plea agreement "make[s] clear that the basis for the specified term is [§ 2D1.1]," the amended crack cocaine guideline, because the plea agreement did not

"expressly abandon the guidelines" and calls for a "3 level[] reduction below the otherwise applicable Guideline for 'acceptance of responsibility'" immediately after agreeing to the 10-year sentence. Bridgewater also attempts to link her statutory minimum sentence to the guidelines by arguing that: 1) U.S.S.G. § 5G1.1(b) makes the statutory minimum the guideline sentence when it exceeds the otherwise applicable range; 2) the FSA's new mandatory minimum would not affect the guidelines minimum sentence under § 5G1.1(b); and 3) her new guidelines range would be 70 to 87 months instead of 120 months. However, Bridgewater's guideline range was not 70 to 87 months, but rather 262 to 327 months because she is a career offender, which explains the district court's ultimate conclusion that "the original sentence remains sufficient but not greater than necessary to comply with the purposes of sentencing." In any event, it is far from clear that Bridgewater's sentence was based on the Guidelines.

Furthermore, § 3582(c)(2)'s "limited adjustment" extends only to sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *Dillon*, 130 S. Ct. at 2691. Here, Bridgewater was sentenced under the already amended guidelines.

Accordingly, we AFFIRM the district court's order denying the motion to reduce sentence.