NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0430n.06

No. 15-6431

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 28, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ROBERT D. BLAINE | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant | ) | |
| | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, ROGERS, and GRIFFIN, Circuit Judges.

ROGERS, Circuit Judge.   In 2014, Robert Blaine pled guilty to distributing crack cocaine.  His plea agreement contained a provision stating that "a sentence of not more than 140 months is the appropriate disposition of this case."  The district court accepted the plea agreement and sentenced Blaine to 115 months of imprisonment.  In 2015, Blaine moved the district court to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that the parties had based the 140-month cap on his sentence on the combination of Blaine's criminal-history category of VI and base offense level—as calculated under U.S.S.G. § 2D1.1—of 26.  Blaine contended that he was eligible for resentencing because § 2D1.1 was amended after his sentencing hearing, and Blaine's crimes under the amendment would have been set at a base offense level of 24.  The district court denied the motion and Blaine appeals.  Because Blaine's plea agreement does not make it evident that his sentence was based on the Sentencing

Guidelines, Blaine is ineligible for a sentence reduction. The district court therefore properly denied Blaine's motion.

A grand jury indicted Blaine for trafficking cocaine base, commonly known as crack cocaine, on three separate occasions in 2011, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C). The Government subsequently filed an information under 21 U.S.C. § 851 giving notice that Blaine had six prior convictions for felony drug offenses. Under the statutory penalty provisions of 21 U.S.C. § 841(b)(1)(B), these convictions subjected Blaine to a mandatory minimum sentence of ten years and a maximum sentence of life.

In 2014, Blaine executed a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which "binds the [sentencing] court" to impose the agreed-upon sentence "once the court accepts the plea agreement." The plea agreement recounted Blaine's agreement to plead guilty to all counts of the indictment and acknowledgement that he had distributed a total of 76.4 grams of cocaine base. The Government promised to "[a]t the time of sentencing . . . agree that a sentence of not more than 140 months is the appropriate disposition of this case." The plea agreement further stated that "[b]oth parties reserve for sentencing all argument relating to the Sentencing Guidelines applicable to this case."

The Government also agreed to move to withdraw its § 851 notice of prior conviction at the time of sentencing; without such notice the statutory penalty that Blaine would face ranged from five to forty years. 21 U.S.C. § 841(b)(1)(B). In a supplement to the plea agreement, the Government promised to "make a motion for downward departure of at least three levels pursuant to [U.S.S.G.] § 5K1.1" to reward Blaine for assisting law enforcement.

After Blaine and the Government executed the plea agreement, a probation officer prepared a pre-sentence report in which she calculated Blaine's sentencing range. The probation

officer observed that because the drugs that Blaine distributed weighed about 76.5 grams, Blaine received a base offense level of 26 under § 2D1.1. U.S.S.G. § 2D1.1(c)(7) (Nov. 2013).

The probation officer also observed that Blaine's prior felony drug convictions made him a career offender subject to a sentence enhancement under U.S.S.G. § 4B1.1(b). Because the § 851 notice was still in place when the pre-sentence report was prepared, the officer noted that Blaine faced a statutory maximum penalty of life in prison. Under § 4B1.1(b)(1), Blaine's offense level was therefore enhanced to level 37. The probation officer concluded that Blaine should receive a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)−(b), reducing Blaine's total offense level to 34.

The officer also observed that Blaine's prior convictions resulted in 27 criminal history points, which put him in a criminal history category of VI, even without the automatic category of VI that he received as a career offender. With a base offense level of 34 and a criminal-history category of VI, the sentencing range was 262 to 327 months of imprisonment. After the Government withdrew its notice of Blaine's prior convictions, Blaine's statutory maximum punishment was reduced from a life term to forty years, thus in turn reducing his career-offender offense level by three levels, to 31. At offense level 31, Blaine was subject to a sentencing range of 188 to 235 months of imprisonment. The probation officer observed that because the plea agreement's agreed-upon sentence of not more than 140 months of imprisonment was outside of this range, if the court adopted the probation officer's Guidelines calculation, "the [c]ourt may need to consider giving [Blaine] an opportunity to withdraw from the guilty plea."

Blaine subsequently moved to withdraw his guilty plea, arguing that he had not understood when he signed his plea agreement that he had agreed to be sentenced as a career offender. At Blaine's sentencing hearing, the district court, after questioning Blaine's counsel,

concluded that Blaine had understood when he signed his plea agreement that although he qualified as a career offender, his sentence would be "substantially less" than what he would have received as a career offender without the plea agreement. The district court therefore denied Blaine's motion to withdraw his guilty plea.

Once the sentencing phase of the hearing began, there was some disagreement about whether the parties had meant to set Blaine's base offense level at 26 when they capped his punishment at 140 months. At a criminal-history category of VI, the sentencing range of 120 to 150 months for offense level 26—the base offense level that § 2D1.1 would assign to Blaine's crimes—could accommodate a term of 140 months, but so could the sentencing ranges prescribed by offense levels 27 and 28.

Blaine argued that his offense level should be 26. He contended that if the court granted the Government's motion to adopt a three-level reduction pursuant to § 5K1.1, his sentencing range would be reduced to 92 to 115 months, the range for a defendant with an offense level of 23 and a criminal-history category of VI.

The prosecutor, in contrast, took the position that the plea agreement gave the Government "some flexibility in terms of how much of a downward departure [the Government] would ask for." According to the prosecutor, the quality of the information that Blaine had provided to assist law enforcement "wasn't that good," and the prosecutor declined to recommend that the court sentence Blaine to 92 months. Instead, the prosecutor asked the court to use offense level 28 as a starting point for calculating Blaine's sentence and then depart downward three levels to offense level 25, yielding a sentencing range of 110 to 137 months. The prosecutor recommended that the district court sentence Blaine to 132 months based on the low quality of the information that Blaine had provided.

The district court observed that a sentence of 132 months fell within the sentencing ranges that were prescribed by offense levels 25, 26, and 27. The court reasoned that the Government therefore did not appear to be complying with its promise to recommend a departure of at least three levels. Deciding to give Blaine "the benefit of the doubt," the court observed that 140 months was within the sentencing range that Blaine would face if he were assigned an offense level of 26. A three-level downward departure from an offense level of 26 "goes down to a total offense level of 23, which has a range of 92 to 115 months." After accepting Blaine's plea agreement, the court sentenced Blaine within that range, imposing a sentence of 115 months of imprisonment.

After Blaine's sentencing hearing, Amendments 782 and 788 to the Sentencing Guidelines, which retroactively lowered the base offense levels that § 2D1.1 assigned to the crime of distributing crack cocaine, went into effect. U.S.S.G. Supp. App. C. Amend. 782, 788 (eff. Nov 1, 2014). Blaine subsequently filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce a defendant's sentence if (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The applicable policy statement provides that a sentence reduction is permitted only when the relevant amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

The district court denied Blaine's motion. The district court concluded that because Amendment 782 did not lower Blaine's applicable Guidelines range, "the issue of whether the binding agreement was based upon the [G]uidelines [was] not determinative of eligibility." In so

holding, the district court reasoned that Amendment 782 did not lower the applicable Guidelines range for career offenders. The district court observed that Blaine qualified as a career offender "with a total offense level of 31, [a] criminal history category [of] VI, and [a] sentencing range of 188-235 months' imprisonment." The district court characterized Blaine's 115-month sentence as a departure to an offense level of 23. The district court concluded that therefore "[a]s a [c]areer [o]ffender," Blaine was not eligible for a sentence reduction. The district court also stated that Blaine's original 115-month sentence "remains sufficient but not greater than necessary to satisfy the purposes of sentencing."

Blaine appeals the district court's denial of his motion for a sentence reduction.

We review *de novo* the district court's conclusion that it lacked the authority to reduce Blaine's sentence under § 3582(c)(2). *United States v. Payton*, 617 F.3d 911, 913 (6th Cir. 2010). According to Justice Sotomayor's narrower and therefore controlling opinion in *Freeman v. United States*, in the Rule 11(c)(1)(C) agreement context, "[t]he term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the [sentencing] judge's Guidelines calculation." 564 U.S. 522, 536 (2011) (Sotomayor, J., concurring in the judgment); *United States v. McNeese*, 819 F.3d 922, 927 (6th Cir. 2016) (recognizing Justice Sotomayor's opinion as controlling). Accordingly, "[f]or Justice Sotomayor, a court must answer the question whether a sentence is 'based on' a Guidelines sentencing range in Rule 11(c)(1)(C) cases by reference *to the plea agreement*, not the district court's reasons for accepting that agreement." *McNeese*, 819 F.3d at 927 (citing *Freeman*, 564 U.S. at 534). Drawing on Justice Sotomayor's statement that a sentence in such a case is "based on" a Guidelines sentencing range "[a]s long as that sentencing range is evident from the agreement itself," *Freeman*, 564 U.S. at 539, Blaine contends that his sentence was based on

§ 2D1.1 even though his plea agreement did not explicitly refer to § 2D1.1 or a Guidelines sentencing range.

Blaine's argument is foreclosed by our holding in *United States v. McNeese*. In *McNeese*, this court rejected the defendant's argument that he could "show that his sentence was 'based on' a Guidelines range even though his plea agreement [did] not explicitly mention such a range." 819 F.3d at 927. In so holding, we explained:

> Applying Justice Sotomayor's framework, we have unequivocally held that "[a] defendant's sentence—for purposes of [§ 3582(c)(2) ]—is 'based on a guideline range *only when* that guideline range is *explicitly* referenced in a plea agreement.'" *United States v. Douglas*, 606 Fed. Appx. 287, 289–90 (6th Cir.2015) (quoting [*United States v.*] *Riley*, 726 F.3d [756,] 760 [(6th Cir. 2013)]); *accord United States v. Bridgewater*, 539 Fed. Appx. 685, 688 (6th Cir. 2013) (per curiam); *United States v. Collins*, 520 Fed. Appx. 434, 435 (6th Cir. 2013) (per curiam). As that language suggests, the only cases in which we have found a Rule 11(c)(1)(C) sentence to be "based on" a Guidelines sentencing range have been those in which the plea agreement explicitly referenced a such a range. *See United States v. Garrett*, 758 F.3d 749, 755–56 (6th Cir. 2014); [*United States v.* ] *Smith*, 658 F.3d [608,] 613 [(6th Cir. 2011)]; *United States v. Taylor*, 427 Fed. Appx. 468, 469 (6th Cir. 2011) (per curiam).

*Id*. at 927−28. Since the defendant's "plea agreement nowhere mention[ed] a sentencing range," we held that "our precedents prevent him from availing himself of § 3582(c)(2)." *Id*. at 928.

Blaine's argument that his sentence is based on § 2D1.1 fails for the same reason that the defendant's argument failed in *McNeese*: Blaine's plea agreement does not explicitly refer to a Guidelines sentencing range. As Blaine acknowledges, his plea agreement never explicitly mentioned § 2D1.1 or any Guidelines sentencing range. Further, the agreement stated that "[b]oth parties reserve for sentencing all argument relating to the Sentencing Guidelines applicable in this case," indicating that the parties may not have agreed to use the Guidelines as the basis for calculating the 140-month cap on Blaine's sentence. Accordingly, Blaine, like the defendant in *McNeese*, is ineligible for relief under § 3582(c)(2).

Blaine resists this result by arguing that his plea agreement made it evident that the parties based the 140-month limitation on his sentence, at least in part, on § 2D1.1. To support this argument, Blaine claims that his plea agreement "provided the necessary ingredients" to calculate his base offense level and criminal-history category. Blaine notes that his plea agreement stated that he was responsible for distributing 76.4 grams of crack cocaine, which at the time that Blaine was sentenced called for a base offense level of 26 under § 2D1.1. U.S.S.G. § 2D1.1(c)(7) (Nov. 2013). Further, the Government's § 851 notice stated that Blaine had six prior felony convictions, which called for a criminal-history category of VI. Blaine claims that the plea agreement, by referring to the Government's promise to withdraw this notice, incorporated the information contained in the notice about Blaine's prior drug felonies and "effectively recognized that he would register at [a] criminal history category [of] VI." Blaine argues that the sentencing range of 120 to 150 months that he would face with an offense level of 26 and a criminal history category of VI was the only Guidelines sentencing range that "included 140 months within its span and conferred on [Blaine] the full benefit of the plea agreement's downward departure." Blaine therefore contends that his plea agreement made it evident that the parties had agreed to use § 2D1.1 as the basis for calculating his sentence.

This argument fails because Blaine's plea agreement does not provide us with the necessary tools to calculate his sentencing range. Although we could derive the base offense level that § 2D1.1 would assign to Blaine's conduct by using the amount of crack cocaine described in his plea agreement, the agreement contains no assertions of fact that would allow us to determine Blaine's criminal-history category. Further, we cannot look to the information contained in the Government's § 851 notice to calculate Blaine's criminal-history category. This is because "the *Freeman* concurrence explicitly warned that a 'reviewing court must necessarily

look to the agreement itself,' in order to avoid a 'free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant.'" *McNeese*, 819 F.3d at 928 (quoting *Freeman*, 564 U.S. at 538, 539 n.2 (Sotomayor, J., concurring in the judgment)). Accordingly, we cannot use the six prior felony drug convictions described in the Government's § 851 notice to derive Blaine's criminal-history category.

Even if we were to rely on Blaine's six prior felonies to calculate his criminal-history category, Blaine's plea agreement still would not make it evident that the parties had based Blaine's sentence on the Guidelines. This is because Blaine's six prior felony drug convictions made him a career offender subject not to the drug-trafficking offense levels set forth in § 2D1.1, but to the much more severe career-offender offense levels set forth in § 4B1.1. As stated above, Blaine's plea agreement reserved the parties' ability to raise arguments about the Sentencing Guidelines applicable to this case at the time of Blaine's sentencing hearing. Accordingly, we cannot determine whether the parties decided to cap Blaine's sentence at 140 months because they agreed that the career-offender offense levels set forth in § 4B1.1 did not apply to Blaine or because they concluded that the 140-month cap was proper for some other reason. Blaine's plea agreement therefore does not make it evident that his sentence was based on § 2D1.1.

Blaine also argues that the parties' and district court's remarks at his sentencing hearing support his position that his sentence was based on § 2D1.1. This argument lacks merit. It is true that the district court, after discussing the plea agreement with the parties, appears to have interpreted the plea agreement to call for a three-level departure from the Guidelines sentencing range that § 2D1.1 prescribed for Blaine's crimes. However, it is the plea agreement itself that controls our determination of whether Blaine's sentence was based on a Guidelines sentencing range, not extrapolations from what the parties and the district court said or did at sentencing.

This is because "Justice Sotomayor in fact rejected the idea that courts can consider parol evidence to ascertain whether the sentence in the plea agreement is based on the Guidelines." *Smith*, 658 F.3d at 612 (6th Cir. 2011) (citing *Freeman*, 564 U.S. at 538). As explained above, Blaine's plea agreement did not expressly use § 2D1.1 to establish his punishment, and thus is not "based on" § 2D1.1. Blaine therefore is not eligible for resentencing under § 3582(c)(2).

Our holding in *United States v. Smith* does not require a different result. In *Smith*, this court held that the defendant's 180-month sentence was based on the Sentencing Guidelines because the parties had attached a worksheet to the defendant's Rule 11(c)(1)(C) plea agreement that set "forth in detail the parties' calculation of the Guidelines range applicable to [the defendant's] offense and the sentence they ultimately agreed upon was within that range." 658 F.3d at 613. In so holding, we explained that it was "doubtful that the parties selected 180 months based on some intuitive sense that this term of imprisonment would be an appropriate disposition of the case." *Id*. Instead, "a more reasonable assessment is that this sentence, which is slightly above the bottom of the range [set forth in the parties' worksheet], represents a trade-off between [the defendant's] minor criminal history and the seriousness of [his] drug trafficking conspiracy." *Id*. In contrast to plea agreement in *Smith*, Blaine's plea agreement did not include a worksheet that detailed the parties' calculations of the Guidelines sentencing range applicable to Blaine's offenses. Indeed, the agreement explicitly preserved the parties' ability to raise arguments about the applicable Guidelines range at sentencing. *Smith* is therefore inapposite.

The district court's denial of Blaine's motion for a sentence reduction must be upheld because Blaine's plea agreement does not make it evident that his sentence was based at least in part on § 2D1.1. In denying Blaine's motion, the district court accepted the argument, repeated by the Government on appeal, that because Blaine's applicable Guidelines range derived from

his status as a career offender, Blaine was not eligible for a sentence reduction.  In light of our conclusion that Blaine's plea agreement does not make it evident that his sentence was based on the Guidelines, we do not reach this issue.  We also do not reach the issue of whether the district court abused its discretion when the court denied Blaine's motion on the alternative basis that his 115-month sentence satisfied the purposes of 18 U.S.C. § 3553(a).

The judgment of the district court is affirmed.